SAMUEL G. WILLIAMS, Respondent, *v.* S. M. COLEMAN *et al.*, Appellants.

1. *Attachment — Bond — Issue of in vacation — Estoppel.* — A bond given under the third provision of section 48 of the attachment act (Wagn. Stat. 191), if approved by the judge in vacation, may not be good under the statute, but is nevertheless a valid common-law bond. And the maker of the bond, having by his own acts brought about the dissolution of the attachment and abandonment of the lien and the substitution of the bond, will not afterward be permitted to deny its validity.

*Appeal from Phelps Circuit Court.*

*G. T. White,* and *Bland & Bland,* for appellants.

The court had no power to dissolve the attachment in vacation; consequently there was no damage to plaintiff Williams occasioned by giving of the bond. The attachment could be dissolved only on motion in term time.

*Ewing & Smith,* for respondent.

I. The defendants are estopped from questioning the validity of the bond in any particular. (Livingston v. Hammer, 7 Bosw., N. Y., 670; Price v. Kennedy, 16 La. Ann. 78; McMillan v. Dana, 18 Cal. 339; Inbusch v. Farwell, 1 Black, 566; Heynemann v. Eder, 17 Cal. 433; Cook v. Boyd, 16 B. Monr. 556.)

II. The approval of the bond by the judge in vacation is good; yet if not, it could make no difference as to the liability of the defendants. (Jones v. The State, etc., 7 Mo. 81; Moore *et al.* v. The State, 9 Mo. 330; Barnes v. Webster, 16 Mo. 258.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff sued out a writ of attachment against defendant Coleman and levied upon real estate. In order to discharge it from the attachment lien, Coleman applied to the circuit judge in vacation to dissolve the attachment, and having given a bond under the third provision of section 48 of the attachment act (Wagn. Stat. 191), the judge ordered it to be dissolved. This suit is upon the bond thus given, and the chief defense is that the

proceedings were not according to the statute, and therefore the bond is void.

It is true the statute does not contemplate an order of the judge in vacation, but rather of the court; but it does not hence follow that the obligation is void. Why is it not a good common-law bond? In consideration of its execution, the attachment proceedings were changed to a mere common suit. A common judgment was rendered, and the order for a special execution, to which the plaintiff would have been entitled, was not sought. It is not necessary to inquire whether or not he can now pursue the real estate attached. For the time he gave it up, whatever the legal effect of the dissolution and the common judgment, and surrendered the advantage of a special order to sell it, and this he did because of this bond. Its makers knew as well as he whether the dissolution was regular; and having pursuaded him to abandon the advantage of his levy in attachment, they should not be permitted now to say that the obligation thus given him as the only inducement to his action is nothing worth. It is a good common-law bond, and its obligors should pay it. (Barnes v. Webster, 16 Mo. 258.) But there was error in the proceedings that requires us to reverse the judgment. The answer was stricken out where it contained a denial of some of the allegations in the petition. Only that part of it should have been stricken out which set out the defense above spoken of. The judgment also is against both defendants, when Coleman was not served with process, nor did he appear.

Reversed and remanded. Judge Adams concurs. Judge Wagner absent.