GATES v. BUCK, *Appellant.*

**Sheriff's Fees :** LIABILITY OF ASSIGNEE OF JUDGMENT FOR THEM. Where land was levied on, sufficient in value to satisfy the execution, and afterward the judgment was assigned, and by order of the assignee the levy was released and the execution returned unsatisfied, and afterward the judgment was satisfied, but the consideration was paid direct to the assignee ; *Held,* that the case fell within the last clause of section 13, page 625, Wagner's Statutes, and the assignee

was bound to pay the sheriff his half commissions, as therein allowed.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

AFFIRMED.

*Judson & Motter* for appellant.

Beattie and Weakley, during their ownership of the judgment, invoked the aid of the sheriff in its collection by putting an execution in his hands; but this was immediately recalled as soon as the judgment became the property of Buck. By the agreed statement of facts it appears that Buck and Smith had other business transactions, and a general settlement was had between them some months afterward, which resulted in the satisfaction of this judgment. Buck used no process of the court to coerce payment. No services were required of the sheriff, and no commission or fees were earned by him. It would be a strange and curious construction of this statute to hold that a sheriff was entitled to a commission from the owner of every judgment whenever it should be entered satisfied.

*Allen H. Vories* for respondent, cited *Jackson v. Anderson*, 4 Wend. 479; *Gordon v. Maupin*, 10 Mo. 352; *Irwin v. Milburn*, 10 Mo. 456; *Gaty v. Vogel*, 40 Mo. 554.

HENRY, J.—This suit was instituted in the Buchanan circuit court and was tried and determined upon the following agreed statement of facts:

That during 1874 and 1875, plaintiff was sheriff of Buchanan county, Missouri; that on October 5th, 1872, Armstrong Beattie and Thomas B. Weakley recovered a judgment in the circuit court of said county, for $29,418.20 against Frederick W. Smith, judgment bearing ten per cent; that on September 26th, 1874, an execution was or-

dered out by said Beattie and Weakley upon said judgment from the clerk's office of said court, and upon the same day delivered to the plaintiff herein, for collection, as sheriff of Buchanan county; that thereupon said plaintiff, as sheriff aforesaid, levied upon a large amount of the real estate, sufficient to pay the debt, belonging to said Smith, and advertised the same for sale under said execution—of all which defendant Buck had concurrent knowledge; that before said sale and before the return day of said execution, defendant Buck purchased from said Beattie and Weakley their said judgment against said Smith, and the same was duly assigned to defendant, who immediately recalled said execution, that had been ordered by said Beattie and Weakley, and said execution was thereupon returned, and no sale took place under the before mentioned levy, and there was no other; that on the 4th day of June, 1875, said Smith made a general settlement with defendant Buck, which included this judgment among other matters, and that said Buck on said day, at the request of said Smith, entered satisfaction of said assigned judgment upon the records; that during the ownership by said Buck of said judgment, nor at any other time, did he order out any execution upon said judgment, nor was any execution ever issued upon said judgment, except the one hereinbefore mentioned as having been ordered out by Beattie and Weakley; that plaintiff, as sheriff, never actually received in his hands, collected or paid over to said Buck, any money upon said judgment.

Plaintiff claims that he is entitled to half the regular commission under section 13, Wagner's Statutes, 625, which provides that sheriffs shall be allowed a commission for receiving and paying moneys on execution or other process " where * * lands or goods have been levied on, advertised and sold, three per cent on $500, and two per cent on all sums above $500, and half of these sums where the money is paid to the sheriff without a levy, or where the lands or goods levied on shall not be sold, and the

money is paid to the sheriff or person entitled thereto, his agent or attorney." The circuit court held that on the agreed facts plaintiff was entitled to recover and rendered a judgment accordingly, from which defendant has appealed.

The conditions on which the sheriff was entitled to the commission claimed had occurred, and we are all of opinion that the circuit court properly construed the statute, and drew the proper deductions from the agreed facts. The judgment is affirmed.