## The State v. Hayes, *Appellant.*

**Murder :** OFFICIAL CHARACTER OF DECEASED, DEFENDANT'S ¯KNOWL-
EDGE OF. On a trial for murder, where the state relies upon
the fact that the person slain was an officer, in the discharge
of his duty at the time of the homicide, the defendant's knowledge
of the official character of the deceased must be submitted to the
jury by an appropriate instruction.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

The defendant, Sadie Hayes, was indicted at the
October term, 1883, of the criminal court of the city of
St. Louis, for murder in the first degree for shooting and
killing Pelatiah M. Jenks, a sergeant of police of the
city of St. Louis. Upon trial in the lower court she
was found guilty of murder in the first degree, and the
judgment was affirmed on appeal to the St. Louis court
of appeals. She brought the case to this court by ap-
peal. ·

*Napton & Frost* for appellant.

The instruction given by the court failed to place
before the jury as one of the elements of the crime con-
stituting murder in the first degree, that defendant must
have known deceased was a police officer. *Yates v. Peo-
ple,* 32 N. Y. 509 ; *Rafferty v. People,* 69 Ill. 111 ; *Roberts
v. State,* 14 Mo. 138 ; s. c., 15 Mo. 28 ; 3 Greenleaf's
Evidence [14 Ed.] sec. 123, p. 124, and cases there cited.

*B. G. Boone,* Attorney General, for the state.

SHERWOOD, J,—This cause has been re-argued ; the
sole point on which it was set down for re-argument

being in relation to the alleged insufficiency of the instruction given by the court of its own motion, which contained no element as to the necessity of the knowledge of the defendant of the official character of the deceased. Such a lack in an instruction was held fatal under the ruling of this court in the case of the *State v. Grant*, 76 Mo. 236, in which it was ruled that where the state relies on the fact that the victim of the homicide was an officer in the discharge of his duty, that the existence of such fact must be submitted to the jury by an appropriate instruction. To the same effect, see *State v. Underwood*, 75 Mo. 230. And in the earlier case of *State v. Roberts*, 15 Mo. 28, instructions which embodied the knowledge of the defendant of the official character of the person attempting the arrest were approved.

For this reason the judgment should be reversed and the cause remanded. All concur, save Norton, J.