GEORGE MILLER, APPELLEE, v. SWIFT & COMPANY, APPELLANT.

FILED JUNE 3, 1916. No. 18854.

Appeal from Justice Court: TRIAL DE NOVO. In the trial in the district court to a jury of an action appealed from justice court, it is error to admit in evidence, over the objection of the appellant, a transcript from the justice containing detailed findings of fact and the judgment of such justice.

APPEAL from the district court for Douglas county: JAMES P. ENGLISH, JUDGE. Reversed.

Gurley, Woodrough & Fitch, for appellant.

Jamieson & O'Sullivan, contra.

FAWCETT, J.

From a judgment for plaintiff, in justice court in Douglas county, for personal injuries, defendant appealed to the district court, where plaintiff was again successful, and defendant has appealed to this court.

Plaintiff alleges that he was told by his foreman to carry two panes of glass, each 40 by 46 inches in size, from the first floor to the second. In order to do so he was required to ascend a flight of stairs which the evidence shows was about four feet wide and without any turn. He carried the first pane up safely, but, in carrying the second pane, when he reached the head of the stairs and turned

to go east, the glass broke.   One of the broken pieces struck him on the hand and made a bad cut which resulted in a loss of 27 days' time and an expenditure of $11 for surgical treatment, and caused him more or less suffering. In entering the judgment, the justice made findings of fact on which he based the judgment.   On the trial in the district court plaintiff testified in his own behalf, and then offered the entire transcript from the justice court. Over defendant's objection the transcript was received in evidence.   The transcript contained the following findings by the justice:

"I find that plaintiff, while in the employ of defendant on Sept. 8, 1913, was ordered, by the foreman in charge of him to carry a pane of glass from the first floor to the second floor; that he remonstrated, but nevertheless proceeded to carry said pane of glass from first floor to second floor; that said pane of glass was defective, which was known both to the said foreman and this plaintiff; that as he reached the top step of said stairs and turned east the said pane of glass broke and cut plaintiff's hand, thereby necessitating his being out of work for a period of 27 days and causing him mental pain and suffering; that said injury was caused through carelessness and negligence; that a reasonable compensation for the injury so received is $125.   Wherefore I give judgment for the plaintiff for $125 and costs of suit taxed at $3.40."

The reason given by the trial court for admitting the transcript was that "it is part of the files in the case." So were the allegations in plaintiff's petition, but no one would contend that plaintiff could introduce them as evidence of his right to recover.   Counsel say the transcript was material for the purpose of showing upon what issues the case was tried before the justice. The transcript may be used for that purpose, but it must be so used with the court. The jury has nothing to do with determining the issues upon which the case is presented to them.   The introduction of the findings and judgment of the justice as evidence was peculiarly prejudicial in this case, where

plaintiff was relying upon his own testimony, which upon the most material points was in conflict with the testimony of the foreman, introduced ·by defendant. It is argued that plaintiff has recovered in two courts and this court ought not to set aside the recovery. We recognize the force of this contention, and under ordinary circumstances it would prevail, but in the case at bar the error is too plain to be ignored.

REVERSED AND REMANDED.