JOHN J. O'BYRNE, APPELLANT, v. E. R. McCORMICK, RESPONDENT.—
92 S. W. (2d) 1005.

Kansas City Court of Appeals. April 6, 1936.

*Kennard & Gresham* for appellant.

*Joseph K. Owens* for respondent.

SPERRY, C.—This is a suit on bond, the petition being as follows:
"Plaintiff states that on or about the 21st day of June, 1933, he instituted suit against Charles Briddle before William McRuer, justice of the peace within and for Pettis Township, Platte County, Missouri, wherein attachment was issued and money of said Charles Briddle was levied upon by the constable of Pettis Township; that on July 6, 1933, the defendant herein, in order to obtain the release of said attachment, executed and filed in said Court his written undertaking as surety for said Briddle, in words and figures as follows:

"*Before William McRuer, Justice of the Peace in and for Pettis Township, Platte County, Missouri, John J. O'Byrne, Plaintiff, vs. Charles Briddle, Defendant.*

Bond to Dissolve Attachment.

"We, Charles Briddle as principal, and E. R. McCormick as surety, acknowledge ourselves to John J. O'Byrne, plaintiff, in the sum of three hundred ($300.00) dollars, however upon this condition:

"That if the said Charles Briddle shall pay to the said John J. O'Byrne the amount which may be adjudged in favor of the said John J. O'Byrne in this cause with interest and all costs of suit, this bond shall be void; otherwise it shall remain in full force.

"Witness our hand this 6th day of July, 1933.

"(Signed)   E. R. McCormick,
"Surety.

"(Signed)   Charles Briddle,
"Principal.

"Approved this 6th day of July, 1933.

"(Signed)   Wm. McRuer,
"Justice of the Peace."

The petition then states that the attachment was released, that upon appeal to the circuit court final judgment was rendered in favor of plaintiff against defendant Briddle for $156.75 and the attachment sustained, that execution issued against said defendant and was returned unsatisfied by the sheriff; that demand was made

upon the surety and payment refused. Judgment for $156.75, with interest and $11.10 costs was prayed.

Respondent filed answer pleading failure of consideration and that no money or property was released on account of the signing of the bond and that said bond was not given in conformity to law. Reply was a general denial, thus the issues were failure of consideration, no money or property released on account of the signing of the bond, and that the bond was not given in conformity to law.

Appellant introduced the writ of attachment with return of the constable showing $164 attached; introduced the bond; the record of judgment in circuit court showing judgment for $156.75 with costs; and general execution issued thereon, with return of sheriff; "No property found; not satisfied."

Gresham, attorney for appellant, testified that after judgment in justice court the bond in question was signed by McCormick and the attached money was ordered released. Respondent told him that one Clevenger, attorney for Briddle, was looking after his interests in the bond matter; that Clevenger told him that Briddle had gotten his money and gone. This evidence is uncontradicted.

Respondent testified that he was not paid anything for signing the bond and introduced the record of the justice court showing the detailed findings there in favor of defendant and against plaintiff, and failing to show filing of any bond, its approval, any motion or order dissolving the attachment or ordering any money paid over.

The jury found for McCormick and O'Byrne appeals.

Complaint is made of the admission of the record of the justice court over timely objections of appellant. The findings of fact by the justice are never proper evidence on a trial on appeal for there the question of the same facts is the matter at issue. The record below is as though never made for in the circuit court the case is tried *de novo*. The record, after appeal, is not available for any purpose. [Earl v. Hart, 89 Mo. 262; Miller v. Swift, 100 Neb. 44; 16 R. C. L., page 405, par. 83.]

But respondent contends the record was admissible to prove the bond was never approved, the attachment never dissolved, nor any money ever paid over by reason of the giving of the bond. The record and the evidence show that judgment was rendered in justice court July 3, 1933; that appeal was taken the same day; that the bond was given and approved on the back thereof on July 6, 1933. The justice court had lost jurisdiction of the whole matter three days before the bond was ever signed and could do no further act in the case, either approving same or dissolving the attachment, or ordering the money paid over. [16 R. C. L., page 405, par. 83.] Therefore, any record that he might have made regarding those matters, would not have been such as he is required by law to make, and, indeed, would have

been beyond his jurisdiction and power. ''Their (justice of peace) docket entries are evidence of the facts they are required to record, and of no others. .· .· . An issue was raised in the circuit court as to this matter, and thereby said court was called on to find the truth; being neither bound by the recital in the justice's transcript, nor allowed to consider the recital as evidence. It was hearsay; for writing it on the docket was gratuitous.'' [Fabien v. Grabow, 134 Mo. App. l. c. 198, 199.] If the justice had attempted to make any entry regarding the bond the docket would have been inadmissible to prove it. It was equally inadmissible to prove the *absence* of records that the justice could not properly make.

Respondent says the bond was without consideration. This is an affirmative defense that must be pleaded and proved since the instrument sued on imports consideration. [Section 2958, R. S. Mo. 1929; County v. Auchley, 92 Mo. 126; Terry v. Terry, 217 S. W. 842; Johnson v. Woodmen, 119 Mo. App. 98.] If it had to be proved, then it could only be proved by competent evidence. The testimony of McCormick didn't prove it for he only said that he received no pay for signing the bond. Probably half or more of the bonds approved in our courts are signed gratuitously. Hence proof that no pay was received cannot be proof of ''no consideration'' within the meaning of the law so far as bonds are concerned.

But respondent says no money was released under the bond. The money of Briddle was attached and McCormick's attorney, Clevenger, told appellant's attorney that Briddle got his money and was gone. This was not hearsay for it came from the agent of defendant himself, to whom plaintiff's attorney had been referred on the very subject inquired about. The sheriff's return positively showed that the constable had released the money for after making search he made return of ''no property found; not satisfied.'' Such recitals in a return are *prima facie* proof of the facts stated and admissible to so prove. [23 C. J. 804; State v. Bode, 219 S. W. 1001.]

Since no legal evidence was offered by defendant below to prove failure of consideration, which was an affirmative defense necessary to be proved, and since plaintiff made proper proof to entitle him to go to the jury, which proof was uncontradicted, the court should have given the peremptory instruction requested by plaintiff.

We are aware of the contention that this bond was not a statutory bond. But it was a good common law bond. Since a man may contract to do what he will so long as it is not wrong within itself, forbidden by law, injurious to some other person, or against public policy and since respondent did so contract and persuaded appellant to abandon his levy and release the money attached, we think respondent should not now be permitted to say the instrument is of no value.

524

"It is a good common law bond and obligors should pay it." [Williams v. Coleman, 49 Mo. 325; Barnes v. Webster, 16 Mo. 258.]

The judgment is reversed and cause remanded.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is reversed and cause remanded. All concur.