**Robert BELL, Plaintiff-Respondent,**

**v.**

**UNITED PARCEL SERVICES and American National Property & Casualty Company, Defendants-Appellants.**

**No. 50834.**

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 13, 1987.

Motion for Rehearing and/or Transfer Denied Feb. 11, 1987.

Application to Transfer Denied March 17, 1987.

Thomas J. Plunkert, Robert P. McCulloch, Leritz, Reinert & Duree, P.C., St. Louis, for defendants-appellants.

Alvin A. Wolff, Jr., Weber, Wolff & Lipsitz, St. Louis, for Robert E. Bell.

Larry D. Valentine, Riethmann and Soebbing, St. Louis, for United Parcel.

CARL R. GAERTNER, Judge.

Judgment was entered in the Circuit Court of the City of St. Louis on a verdict in favor of plaintiff, Robert Bell, and against defendants United Parcel Service (UPS) and American National Property and Casualty Company (ANPAC). ANPAC alone appeals. We reverse the judgment against that defendant.

This litigation involved a motor vehicle collision which occurred about 6:15 a.m. on December 21, 1983. It was about 20 degrees that morning and light precipitation had been reported throughout the previous night. Immediately prior to the collision plaintiff was driving his van west on Interstate 70 and a tractor-trailer owned by defendant UPS and driven by its employee and co-defendant Johnny Lane was travelling east. Plaintiff's second amended petition, upon which the case was tried, alleged that the driver of a small light colored car (the mystery car) negligently entered the eastbound lane of the interstate in such a manner as to cause Lane to lose control of the tractor-trailer. It then crossed the median and collided with plaintiff's van. The petition further alleged that the identities of the driver and owner of the small car are unknown.

Plaintiff sought recovery from ANPAC under the uninsured motorist coverage of his automobile liability policy, which defined an uninsured vehicle as "a hit and run vehicle whose owner or operator is unknown whether or not physical contact is made between such vehicle and an insured person or [the] insured car." Coverage under the policy is not in dispute.

At the close of plaintiff's evidence ANPAC made a motion for directed verdict

which was denied. ANPAC offered no evidence but chose to stand on its motion for directed verdict at the close of plaintiff's case. Evidence was then offered by defendant UPS.[1] The jury found for plaintiff, awarding $85,000.00 in damages and assessing 47% of the fault to UPS and 53% to ANPAC.[2] Judgment was entered against ANPAC for $25,000.00, the limits of the insurance policy, and against UPS for $60,000.00.[3]

To prevail on his uninsured motorist claim against ANPAC plaintiff must prove *inter alia* that he is legally entitled to recover from the driver of the mystery car. *Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713, 715 (Mo.banc 1979). ANPAC's sole point on appeal alleges error in the denial of the motion for a directed verdict, arguing that plaintiff introduced no substantial and competent evidence upon which the jury could have found that he was legally entitled to recover from the "hit and run" driver. We agree.

As ANPAC stood on its motion for a directed verdict at the close of plaintiff's case, we confine our review of the sufficiency of the evidence to that of record at the time the motion was made, i.e., all of plaintiff's evidence. *Lathrop v. Rippee*, 432 S.W.2d 227, 229 (Mo.1968). Unless on this record plaintiff introduced competent and substantial evidence that tends to prove facts essential to his recovery, the court will be found to have committed reversible error. In making this determination we must review the evidence in the light most favorable to plaintiff, giving him the benefit of all reasonable inferences.

1. The evidence offered by defendant UPS is not included in the record before us and is irrelevant to the issues on this appeal.

2. Defendant Lane was voluntarily dismissed by plaintiff before the case was submitted to the jury.

3. The judgment entered against UPS is incorrect. The apportionment of relative fault between defendants has no effect upon a plaintiff's right to collect the full amount of his judgment from any one of the joint tortfeasors. *Missouri Pacific Railway Co. v. Whitehead and Kales Co.*, 566 S.W.2d 466, 474 (Mo.banc 1978). Should one judgment debtor be required to pay more than his apportioned share of the judgment he

*Eichelberger v. Barnes Hospital*, 655 S.W.2d 699, 704 (Mo.App.1983).

The only evidence relative to the mystery car consisted of statements made by co-defendant Lane. The investigating police officer was permitted to testify, over ANPAC's strenuous objection, that at the scene Lane stated the mystery car entered Interstate 70 in an erratic manner and that he [Lane] then lost control of the tractor-trailer as he moved to the other lane due to the icy conditions of the road. The second statement consisted of the following excerpts from Lane's deposition read into evidence as a part of plaintiff's case.

"Q. At that point, when the Fairmont was next to you, his nose is a little in front of you and this Volkswagen, I don't know anything you don't know, and this mystery car was to your right, you could see the top of the car out your passenger window?

A. Basically, yes.

Q. Okay, What is the next thing that you did?

A. Well, I was hoping he would see me, and I started easing back to the right because I thought, I thought I was going to hit him, but I didn't.

Q. So, you started to move your truck over toward the mystery car?

A. Hoping that he would see me and sneak out and get on it and get the hell away.

Q. As you moved your truck over to the right, what is the next thing that happened?

A. My drives, my rear end started sliding.

may recover from the other judgment debtors up to their respective percentages of fault. In this case the judgment should have been entered in favor of plaintiff for $85,000.00 against UPS, and, only because of the policy limitation, $25,000.00, against ANPAC. MAI 31.01. Also, judgment should have been entered in favor of UPS against ANPAC for such amount as UPS may have been required to pay to plaintiff in excess of $39,950.00 (47% of $85,000.00), not to exceed the policy limit of $25,000.00, less any sum paid by ANPAC to plaintiff. However, neither plaintiff nor UPS has perfected an appeal from the judgment as entered.

Q. You hit something, you think you did, or you don't know?

A. I don't know.

Q. But something?

A. I could have hit him. I don't think I did. I couldn't find any other paint on the tractor.

Q. The truck hit something and the rear of the trailer started to swing around?

A. The rear of the tractor started to swing around."

It is firmly established that "[t]he admissions of a co-defendant are not admissible against another co-defendant merely because of one's being a co-party to the litigation." *Gordon v. Oidtman,* 692 S.W.2d 349, 355 (Mo.App.1985); *Davis v. Sedalia Yellow Cab Co.,* 280 S.W.2d 869, 871 (Mo.App.1955). None of the exceptions to this rule, lucidly set forth in Judge Manford's opinion in *Gordon,* are invoked here.

■ The contention that ANPAC failed to preserve its objection by continuing to object and by its cross-examination of the police officer is without merit. ANPAC objected to the statements of Lane when first offered into evidence by plaintiff. Repeated objections to the same or similar evidence are not necessary to preserve the issue for our review. *Brookman v. General Safety and Security, Inc.,* 600 S.W.2d 100, 103 (Mo.App.1980). Nor does ANPAC's pursuit of the matter on cross-examination constitute a waiver. *Levin v. Hilliard,* 266 S.W.2d 573, 577 (Mo.1954).

"Where a party, as here, has seasonably objected to evidence on a given subject by one witness and his objection is overruled, he is not required or expected to become indecorous by repeating his objection when like testimony by another witness is offered, ... and does not waive his objection by cross-examining or by offering countervailing evidence in an effort to render the incompetent evidence innocuous."

*Bice v. Birk,* 435 S.W.2d 734, 737 (Mo.App. 1968) (quoting from *Taylor v. Kansas City S. Ry. Co.,* 293 S.W.2d 894, 898 (Mo.1956)).

The trial court erred in considering these statements of co-defendant Lane as evidence against ANPAC in ruling upon the latter's motion for directed verdict.

■ The elimination of the statements of co-defendant Lane from consideration on ANPAC's motion for directed verdict at the close of plaintiff's case leaves a record totally devoid of any mention of the mystery car. Moreover, even if the statements were competent evidence against ANPAC, they failed to support the charge of negligence submitted to the jury as to that defendant—failure to keep a lookout. MAI 17.05 (modified). A failure to keep a lookout submission contains two inherent components, the ability to see and the ability, including time and means, to avoid. *Heberer v. Duncan,* 449 S.W.2d 561, 563 (Mo. banc 1970). *Bunch v. McMillian,* 568 S.W.2d 809, 811 (Mo.App.1978). It is plaintiff's burden to supply substantial evidence of both components and this court may not "imagine the existence of evidence, when none in fact exists, or supply the missing evidence, to flush out an otherwise insubmissible case, nor can it spring inferences from no where upon which to predicate submissibility." *Lewis v. State Security Ins., Co.,* 718 S.W.2d 539 (Mo.App.1986) (quoting from *Wallander v. Hicks,* 526 S.W.2d 848, 850 (Mo.App.1975)).

■ These statements show nothing more than that the mystery car entered the interstate in an erratic manner,[4] that it was operated alongside of the tractor-trailer for an unknown distance at an unknown speed on an icy road, and that Lane lost control of the tractor-trailer when he attempted to turn to his right or to his left, depending upon which of his statements is to be accepted. The record is silent regarding visibility, speeds or distances. In view of these deficiencies, any conclusion that the driver of the mystery car failed to keep a lookout or that such failure caused or contributed to cause Lane to lose control of his vehicle could only arise from "the nebulous twilight of speculation, conjecture and sur-

---

**4.** "Erratic" was the term used by the police officer to synopsize specific details allegedly related to him by Lane. The police officer was unable to recall any of these details.

mise." *Shelton v. Bruner,* 449 S.W.2d 673, 680 (Mo.App.1969).

Accordingly, the judgment of the trial court in favor of plaintiff and against defendant ANPAC in the sum of $25,000.00 is reversed.

SNYDER, C.J., and SIMEONE, Senior Judge, concur.