**In re Richard W. SANDERS and Rowena Fay Sanders, Plaintiffs,**

v.

**David WALLACE (d/b/a David Wallace Farms) et al., Defendants.**

**No. 61422.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 8, 1992.

█

Wegmann, Gasaway, Stewart, Schneider, Dieffenbach, Tesreau, Stoll & Sherman, P.C., Daniel A. Cytron, Jack A. Stewart, Hillsboro, for plaintiffs.

Watson, Ess, Marshall & Enggas, Thomas R. Larson, John E. Taylor, Kansas City, for defendants.

AHRENS, Judge.

Sheriff Walter Buerger (sheriff) appeals from the trial court's order on defendant Massey Ferguson Inc.'s motion for review of costs. The trial court found sheriff is not entitled to a commission pursuant to § 57.280 RSMo (Supp.1991). We affirm.[1]

In the underlying case, the trial court entered judgment in the amount of $2,250,-000 on a jury verdict in favor of plaintiffs and against defendants David Wallace (Wallace) and Massey Ferguson, Inc. (Massey). The jury assessed 60% fault to Massey and 40% fault to Wallace. This court affirmed that judgment in *Sanders v. Wallace*, 817 S.W.2d 511 (Mo.App.1991).

At plaintiffs' request, on October 9, 1990, an order for general execution was issued on described real property belonging to Wallace. Sheriff's return dated October 17, 1990, stated sheriff "did levy upon and seize" the described real property. On the day the real property was to have been sold at an execution sale, the plaintiffs and Wallace, by agreement, rescheduled the sale for January 4, 1991. The property was not sold on January 4, 1991. On February 22, 1991, plaintiffs' attorney notified sheriff that plaintiffs did not want to proceed with the execution sale. Pursuant to plaintiffs' instructions, sheriff returned the unsatisfied execution to the circuit court.

At plaintiffs' request, separate general executions were issued on December 10, 1991, against Wallace and Massey. The request for general execution against Wallace did not set forth the property on which sheriff was to levy. The general execution against Massey instructed sheriff to "Execute on insurance policy issued by New Hampshire Insurance Co." Sheriff was informed that counsel for Wallace and Massey had agreed to accept service of the executions.

In his "Return Upon Execution," dated January 10, 1992, sheriff reported that he "did carry out" the execution against Massey by (1) "completing a Notice to Debtor of Exemptions from Levy, together with a copy of Section 513.445 [RSMo]"; (2) addressing and mailing a letter to Massey's attorney wherein sheriff demanded "that said defendant [Massey] pay the sum of $2,660,858.75 as and for the judgment, interest and cost in this case as indicated by said execution together with any interest and cost and sheriff's commission as calculated by statute and fees for service as have accrued since issuance of said execution"; and (3) certifying "a mailing to all lawyers for plaintiffs and defendants." Sheriff concluded he "thereby lev[ied] upon 'the lands or goods of said defendant.'" In paragraph 9 of his return, sheriff stated: "Otherwise, than as herein stated, no other property of defendants to pay said judgment have been found."

Sheriff noted in his return that Massey's attorney "did report to ... Counsel for the Sheriff's Department ... on January 8 and 9, 1992, that the sum of $2,400,000.00 and/or sums totally equal to the amount of the judgment, interest, and costs, but not equal to said Sheriff's commission had been forwarded to [plaintiffs' attorney], 60% thereof on behalf of [Massey], toward an attempted satisfaction of said judgment and 40% thereof by reason of the judgment against [Wallace] for 40% of the total amount of the judgment." Sheriff asserted in his return that pursuant to § 57.280 he is entitled to a commission of $53,220.06

---

1. Two motions were taken with the case. Sheriff's "Motion to Strike Massey–Ferguson, Inc.'s Supplement to Legal File" is granted. Sheriff's "Motion to Strike All or Part of 'Reply Brief of Massey Ferguson, Inc.'" is granted to the extent the brief refers to matters outside the record on appeal.

based on the sums plaintiffs received from Massey.

Thereafter, Massey filed a motion seeking review of the cost bill. In its order disposing of that motion, the trial court found, "no actual levy occurred by the Sheriff which entitles him to a commission under Section 57.280. . . ."

In his sole point, sheriff contends the trial court erred in granting Massey's motion for review, disallowing sheriff's commission, and finding sheriff made no levy, "because there is no evidence upon which the court could determine that there was no levy and it erroneously applied the law in that (1) it is undisputed that there was a levy made by the sheriff in a previous execution and (2) there was no evidence introduced by the defendant to rebut the sheriff's return upon execution which stated that a levy had been made."

Section 57.280 provides that sheriffs shall be allowed fees for their services:

> For commission for receiving and paying moneys on execution or other process, where lands or goods have been levied and advertised and sold, five percent on five hundred dollars and four percent on all sums above five hundred dollars, and half of these sums, when the money is paid to the sheriff without a levy or where the lands or goods levied on shall not be sold and the money is paid to the sheriff or person entitled thereto, his agent or attorney.

Sheriff first asserts he was entitled to a commission on the sums Massey paid to plaintiff, because the requirement that "lands or goods levied upon shall not be sold" was satisfied "by the levy made under the earlier execution against David Wallace." In support of this assertion, sheriff cites *Gates v. Buck*, 75 Mo. 688 (1882). *Gates* is not controlling and lends no support to sheriff's position.

In *Gates*, after the sheriff levied on the defendant's real property, but before the sale of that levied property, Buck purchased the judgment from plaintiffs and recalled the execution. *Id.*, at 690. The judgment was subsequently satisfied. *Id.* The supreme court upheld the trial court's judgment awarding the sheriff a commission on the sums the defendant paid Buck in satisfaction of the judgment. *Id.*, at 691. Thus, *Gates* merely permitted the sheriff to collect a commission when the defendant, on whose property the sheriff's levy had been recalled, satisfied the judgment by paying the subsequent purchaser of that judgment. Unlike the present case, *Gates* did not involve a levy on the real property of one co-defendant and payment of the full judgment by another co-defendant.

■ "The apportionment of relative fault between defendants has no effect upon a plaintiff's right to collect the full amount of his judgment from any one of the joint tortfeasors." *Bell v. United Parcel Serv.*, 724 S.W.2d 682, 684 n. 3 (Mo.App.1987) (*citing Missouri Pacific Ry. Co. v, Whitehead and Kales Co.*, 566 S.W.2d 466, 474 (Mo. banc 1978)). Accordingly, Massey remained liable to plaintiffs for the entire judgment, notwithstanding any levy sheriff placed on Wallace's property at plaintiffs' request. Under the facts of this case, we hold the previous levy on Wallace's property did not entitle sheriff to a commission under § 57.280 when Massey satisfied the entire judgment.

■ Sheriff next asserts the trial court erred in finding "no levy occurred" to entitle sheriff to a commission, because assertions in his return that he "levied upon the land or goods" of Massey establishes "a prima facie case that said levy actually occurred," and Massey "offered no evidence whatsoever to rebut the statement in the . . . Return . . . that a levy had in fact been made." Sheriff relies on the holding in *O'Byrne v. McCormick*, 92 S.W.2d 1005 (Mo.App.1936) that recitals in a sheriff's return such as, " 'no property found, not satisfied,' are prima facie proof of the facts stated and admissible to so prove." *Id.* at 1007.

The recital on which sheriff relies was not merely a statement of fact. Sheriff's statements detailing his actions with regard to serving the general executions are factual in nature and prima facie proof that

he performed such actions; however, sheriff's statement, "thereby levying upon 'the lands or goods of said defendant'" is a legal conclusion properly determined by the trial court.

The actions necessary to levy upon property are detailed in Rule 76.06. Nothing in the facts sheriff recited in his return supports a conclusion under Rule 76.06 that sheriff levied on any property belonging to Massey.[2] Accordingly, the trial court did not err in concluding no levy occurred which would entitle sheriff to a commission pursuant to § 57.280.

The trial court's judgment is affirmed.

CRIST and REINHARD, JJ., concur.

**2.** Although plaintiffs' request for execution against Massey directed sheriff to "Execute on insurance policy issued by New Hampshire Insurance Co.," sheriff's return does not refer to that policy. Moreover, it is doubtful that such policies are properly the subject of a levy. Rather, a judgment creditor may proceed in equity to recover policy proceeds, § 379.200 RSMo (Supp.1991), or direct a garnishment action against the insurer. *State Farm Mut. Automobile Ins. Co. v. Allen*, 744 S.W.2d 782, 785–86 (Mo. banc 1988).