52 F.Supp.2d 1084 (1999)
J.B. HUNT TRANSPORT, INC., et al., Plaintiffs,
v.
GENERAL MOTORS CORPORATION, et al., Defendants.
No. 4:98CV252 CDP.
United States District Court, E.D. Missouri, Eastern Division.
June 3, 1999.
*1085 Michael A. Lawder, Hinshaw and Culbertson, Belleville, IL, for J.B. Hunt Transport, Inc., William Miles, plaintiffs.
Dan H. Ball, Kevin A. Sullivan, Thompson Coburn, St. Louis, MO, Evan A. Burkholder, Sandra K. Macauley, McGuire and Woods, Richmond, VA, for General Motors Corporation, defendant.
Gerard T. Noce, Kevin F. Hormuth, Noce and Buckley, St. Louis, MO, Susan M. Deneault, St. Louis, MO, for Fisher & Company, Incorporated, dba, Fisher Dynamics Corporation, defendant.

MEMORANDUM AND ORDER
PERRY, District Judge.
This matter is before the Court on three issues: (1) defendant General Motors Corporation's motion for partial summary judgment on plaintiffs' claim for punitive damages, (2) defendants' objections to plaintiffs' proposed evidence of other allegedly similar accidents and (3) plaintiffs' motion to bar defendants' expert witnesses. Defendant General Motors has requested oral argument on certain of these motions, but no parties have suggested the need for an evidentiary hearing. The parties have fully briefed the issues; based on the briefs and evidence submitted the Court does not believe that oral arguments are necessary or would be productive.
For the reasons that follow the Court will grant the motion for summary judgment with regard to punitive damages and strike the claim for punitive damages; the Court will treat the objections to similar occurrences as a motion in limine, and will grant it and prohibit plaintiffs from presenting evidence of other allegedly similar accidents; and the Court will deny the motion to exclude expert witnesses.
The Court will also set a telephone conference call with counsel for all parties for June 11, 1999, at 10:30 a.m., to discuss scheduling matters. Plaintiffs' counsel shall be responsible for placing the call, shall have all necessary parties on the line, and shall add the Court to the conference at telephone number XXX-XXX-XXXX. The case is set for trial on July 12, 1999.

*1086 Factual and Procedural Background

Plaintiffs in this contribution action are J.B. Hunt Transport, Inc. and William Miles, who was a driver for J.B. Hunt. The defendants are General Motors Corporation and Fisher & Company, Inc., doing business as Fisher Dynamics Corporation. The case arises out of an automobile accident that occurred on February 19, 1994, in which Richard Spitzenberg was seriously injured. Mr. Spitzenberg filed suit as a result of his injuries and plaintiff J.B. Hunt settled with him for the sum of 2.625 million dollars. After reaching that settlement, Hunt brought a contribution action against General Motors and Fisher in state court. The morning the state-court trial was set to begin, Hunt dismissed the case and later refiled its case in this Court. Count I alleges that the General Motors vehicle in which Mr. Spitzenberg was riding was unreasonably dangerous. Count II alleges negligence against General Motors. Count III is a separate count for "willful and wanton misconduct" which apparently is simply seeking punitive damages, given that there is no independent tort right of action for "willful and wanton misconduct." Counts IV and V are products liability and negligence claims against defendant Fisher. No punitive damages are sought from defendant Fisher.
Mr. Spitzenberg was the front-seat passenger in a 1991 Chevrolet Camaro and, according to defendants' briefs, was not wearing a seatbelt at the time of the accident. The parties agree that as the driver of the Camaro slowed to merge into heavy traffic on Interstate 70 near the Zumbehl Road interchange in St. Charles, Missouri, the eighteen-wheel tractor-trailer rig owned by plaintiff Hunt and being driven by plaintiff Miles did not slow down appropriately and struck the rear of the Camaro. The parties also agree that the Camaro was pushed into a 1991 Ford Crown Victoria and after that collided with a 1991 Toyota Corolla. General Motors contends, and apparently Mr. Miles has testified, that the Hunt truck then struck the Camaro a second time. Plaintiffs apparently contend that this second impact of the Hunt truck and the Camaro did not occur. It appears that the parties also agree that at some point the front passenger seat "deformed rearward, causing Spitzenberg to be thrown about the passenger compartment" of the car, increasing his injuries.
Plaintiff J.B. Hunt contends that the seat back should not have "deformed" and that it was either negligently designed or was defective and unreasonably dangerous. It therefore seeks contribution from General Motors and Fisher, and additionally seeks punitive damages from General Motors.

General Motors' Motion for Partial Summary Judgment On Plaintiffs' Claim for Punitive Damages
General Motors has moved for summary judgment on plaintiffs' claim for punitive damages, arguing that a punitive damages claim by a contribution plaintiff such as J.B. Hunt "defies Missouri law, public policy and common sense." The Court agrees. Plaintiffs' theory here is based, as it must be under Missouri law, on a claim that it paid more than its proportionate share of the $2.625 million settlement. That must be the basis for its contribution claim since a contribution claim under Missouri law arises when one joint tortfeasor is required to pay more than its proportionate share of a loss. See Elfrink v. Burlington Northern Railroad Co., 845 S.W.2d 607, 615 (Mo.Ct.App.1992), citing R.S.Mo. § 537.060 and Bell v. United Parcel Service, 724 S.W.2d 682, 684 n. 3 (Mo.Ct.App.1987).
The Missouri Supreme Court has not decided this precise issue, but the Court agrees with defendant that it is unlikely that Court would allow a separate punitive damages claim on a contribution claim such as this. Cf. Bervoets v. Harde Ralls Pontiac-Olds, Inc., 891 S.W.2d 905, 908-909 (Tenn.1994) (under Tennessee law a drunk driver may not seek punitive damages on contribution claim against tavern owner who negligently served him alcohol). Plaintiffs have provided no legal authority *1087 for their claim for punitive damages, but simply argue that because the purposes of punitive damages are to punish wrongdoers and deter others from similar actions, the case should go to the jury on punitive damages. Plaintiffs' arguments, however, ignore the fact that there must be an underlying tort theory providing a basis for punitive damages. A contribution claim is separate from the underlying tort action on which the right to contribution is based, and the Court does not believe that Missouri law recognizes a derivative punitive damages claim. J.B. Hunt's theory of suit is that it paid more than its proportionate share of the damages to Mr. Spitzenberg: the torts claims of negligence and products liability are derived from Spitzenberg's claims which Hunt settled. It is undisputed that the negligence of J.B. Hunt's driver was the cause of the accident in the first place. To allow a settling tortfeasor to recover punitive damages in a separate contribution action against a co-defendant flies in the face of common sense; it would not simply be a windfall, but would be a reward to a negligent tortfeasor. The Court does not believe the Missouri Supreme Court, when confronted with this issue, would agree with plaintiff. Accordingly, on this purely legal issue the Court will grant the motion for partial summary judgment and will strike the claim for punitive damages.

Plaintiffs' Motion to Bar Defendants' Expert Witnesses Woolley, Hatsell, Rice, O'Shea and Stocke
Plaintiff has moved to exclude part of defendants' expert witnesses' testimony pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The basis for plaintiffs' motion is plaintiffs' belief that defendants' expert, Dr. Ronald Woolley, has no factual basis for opining that the Hunt truck struck the Spitzenberg Camaro twice. Because witnesses Hatsell, Rich, O'Shea, and Stocke relied on Woolley's opinion, plaintiffs argue that all of their opinions must also be excluded. From the briefs and the attached evidence, it is apparent that this case will be a battle of experts. It appears that plaintiffs' expert, Jerry Wallingford, will opine, based on a variety of factors, that there were only three impacts in this case: the Hunt truck struck the Camaro, the Camaro struck the Ford Crown Victoria, and then the Camaro struck the Toyota. Defendants' expert, Dr. Woolley, will opine that there were four impacts: the three agreed to by Mr. Wallingford and a second strike by the Hunt truck to the Camaro. Dr. Woolley will opine that the second strike was much more severe than the first. Both Mr. Wallingford and Dr. Woolley are accident reconstruction experts who will use similar methodologies to reach their opinions. The evidence presented by the parties shows that the distinction between the two experts is two-fold: Mr. Wallingford does not credit the testimony of the truck driver, plaintiff Miles, who has apparently testified that his truck struck the Camaro twice and that the second strike was much stronger than the first, and Mr. Wallingford believes (and plaintiffs here argue) that in the absence of objectively verifiable data about the location of the impacts, the speeds of the vehicles prior to impact, and the location on the roadway of the vehicles after the accident, Woolley's conclusions lack scientific basis.
Dr. Woolley's opinion uses witness estimates of vehicle speeds, and certain assumptions about location of the vehicles. The police officer who reported the accident scene did not report where the vehicles came to rest relative to the roadway, although the report listed where the vehicles were relative to one another. Plaintiffs argue that in the absence of objectively verifiable evidence regarding the speed of the vehicles or the exact positions of the vehicles after the impact, Dr. Woolley's testimony lacks a scientific basis.
The Court has carefully reviewed the submissions of the parties and believes that defendants' proffered expert testimony meets the test of Daubert and Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, *1088 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). First, the testimony is obviously relevant to the issues in the case and meets Daubert's "fit" test. Second, defendants have shown that Dr. Woolley's opinions meet the Daubert reliability requirements in that Woolley used a tested methodology generally accepted in the scientific community. His calculations and the bases for his opinions rely on laws of physics and routine calculations which have been tested, peer reviewed and are regularly relied on by engineers in accident reconstruction. The materials provided by defendants are sufficient to make this determination without additional evidentiary hearing. Whether the known facts provide a sufficient factual basis for his opinions is, in this case, something that properly goes to the weight, and not the admissibility, of the evidence. Neither Daubert nor Kumho require a court, in exercising its gatekeeper function, to determine in advance which expert is correct: the evidence may be admitted if it is reliable and relevant, and if it will be helpful to the trier of fact. The Court believes that the opinions of the experts here will be extremely helpful to the trier of fact in considering the issues to be presented to it.
Dr. Woolley's testimony will not be excluded. As plaintiffs' only basis for excluding the other expert witnesses is that they in some part relied on Woolley's version of events, the motion will be denied as to them as well.

Defendants' Motion to Preclude Plaintiffs From Introducing Evidence of Allegedly Similar Accidents
Because it was contemplated from the beginning of the case that plaintiffs might wish to introduce evidence of other similar accidents and occurrences, the Court early on discussed this issue with counsel and established a schedule for plaintiffs to notify defendants of their intention to introduce evidence of other accidents or occurrences which it claimed were similar for any purposes at trial. The Court then established a schedule for defendants to file motions to preclude this evidence. Instead of filing a motion, General Motors filed an objection to the proffered evidence; the Court will treat the objections as a motion in limine.
Plaintiffs wish to introduce two lists of claims or lawsuits arising from accidents involving seat back failures of F and J body vehicles. There are eighty-three different claims described on these lists. The lists were produced by defendant General Motors in discovery in response to a court order that it identify any claim arising from accidents involving F and J body cars where a seat back was alleged to have deformed. For each claim the list provides the plaintiff's name, the date of the accident, the date suit was filed or a claim was made, the type of vehicle, the result of the case (whether tried, settled, dismissed, etc.), and the amount of settlement or verdict. With regard to six of the lawsuits, plaintiffs have provided some expanded information, although the Court is not clear exactly how plaintiffs believe they will actually introduce this evidence. Plaintiffs state that they are entitled to introduce the lists and the information about the other lawsuits "to show the state of GM's knowledge regarding the negligent seat back design." Plaintiffs state that they are "not asking to prove the defect or dangerous conditions by way of this evidence" for the products liability claim. In other words, plaintiffs state that their sole reason for seeking to admit these eighty-three other claims is to show that General Motors had notice that seat backs could deform in impact situations. Plaintiffs argue that a relaxed substantial similarity test should be employed under the rule of Joy v. Bell Helicopter Textron, Inc., 999 F.2d 549 (D.C.Cir.1993). General Motors objects to the evidence under F.R.E.Rule 403.
The test for whether similar accidents and occurrences should be admitted to show notice is whether "the facts and circumstances of the other incident are substantially similar to the case at bar." *1089 Drabik v. Stanley-Bostitch, Inc., 997 F.2d 496, 508 (8th Cir.1993). The burden is on the plaintiff to show substantial similarity. See also First Security Bank v. Union Pacific Railroad Co., 152 F.3d 877, 879 (8th Cir.1998).
The Court agrees with defendant that plaintiffs have failed to meet their evidentiary burden of showing that these other incidents are substantially similar to the accident here. The Court also agrees that the issue of notice is not at issue in this case, since General Motors admits that it knew that seat backs could deform under certain impact situations. The Court concludes that the potential for unfair prejudice, confusion and waste of time far outweighs any limited probative value of the evidence.
First, the list of eighty-three accidents proves nothing by itself; the fact that defendant in discovery produced a list of other lawsuits where persons claimed injury as a result of a seat back deformation tells nothing about the similarity or lack thereof of the incidents. The Court made it clear from the beginning of this case that General Motors would be required to produce information regarding other lawsuits during discovery. Once the list was produced, plaintiffs had the opportunity to investigate these other lawsuits to determine if the other accidents could be proven to be substantially similar to the accident here; if they determined that they were substantially similar, plaintiffs could produce evidence to support that determination. To simply state that an accident occurred, a lawsuit was filed and the lawsuit was concluded in some manner or other fails entirely to meet plaintiffs' evidentiary burden.
Second, with regard to the six incidents where the plaintiffs have provided more information, the plaintiffs' burden is still unsatisfied. With regard to four of the alleged accidents, some of which occurred after the manufacture of the vehicle in this case, plaintiffs contend that the "evidentiary basis" for these accidents will be "Joe Rice." The Court believes that Joe Rice is an expert witness for one of the defendants, but plaintiffs have failed to provide any affidavit or deposition testimony of Mr. Rice explaining the accidents on which he is alleged to be the "evidentiary basis" for the similarity. Plaintiffs list "John Stilson" as the evidentiary basis for some of the other accidents, but have not provided any affidavit or other evidence from Mr. Stilson explaining how these accidents were similar in time, place, or, most importantly, in circumstances. Indeed, plaintiffs' summary of the evidence does not show that they are substantially similar. For example, one of the accidents apparently involved a vehicle stopped at a red light that was struck from behind. Although the Court does not understand all of the mechanics involved in the "Delta V" analysis both parties rely on, even a lay person can understand that a rear end collision when one car is stopped at a red light is not at all substantially similar to a circumstance where a tractor-trailer rig hits a car in movement on an interstate, causing it to be thrown into at least two other vehicles.
Given that plaintiffs have indicated that their sole basis for seeking to introduce this evidence is to show notice to General Motors that seat backs could deform in certain impacts, and given that General Motors admits it knew that fact, the Court sees no basis for admitting this allegedly similar act evidence, and specifically finds that the potential for unfair prejudice and confusion greatly outweighs any possible probative value this evidence might have.

Conclusion
The Court will grant the motion for partial summary judgment as to punitive damages, will deny the Daubert motion and will grant the motion in limine to preclude allegedly similar act evidence proffered by the plaintiffs. The Court will conduct a telephone status conference with the parties to this case on June 11, 1999, at 10:30 a.m., to discuss the general status of the case and any scheduling issues. Plaintiffs' *1090 counsel is responsible for initiating the call.
Accordingly,
IT IS HEREBY ORDERED that the motion of defendant General Motors Corporation for partial summary judgment on plaintiffs' claim for punitive damages [# 69] is granted, plaintiffs' claim for punitive damages is stricken, and Count III is dismissed.
IT IS FURTHER ORDERED that plaintiff J.B. Hunt's motion to exclude defendants' expert witnesses [# 72] is denied.
IT IS FURTHER ORDERED that defendants' objections to plaintiffs' proffer of similar act evidence [# 73] is considered to be a motion in limine to preclude introduction of said evidence and is granted.
IT IS FURTHER ORDERED that the motions of defendant General Motors for oral argument [# 74, # 80] are denied.
IT IS FURTHER ORDERED that counsel for all parties shall participate in a telephone conference at 10:30 a.m. on June 11, 1999. Plaintiffs' counsel shall establish the call, have all necessary parties on the line, and add the Court to the conference at telephone number XXX-XXX-XXXX.