STATE OF MISSOURI at the Relation of ERMA E. ANDERSON, Relator, v. WALTER M. DINWIDDIE, Judge of the Circuit Court of Boone County, Missouri, Respondent, No. 41632—224 S. W. (2d) 985.

Court en Banc, December 12, 1949.

*George A. Spencer* and *L. W. Byars* for relator.

*Boyle G. Clark* and *William L. Nelson* for respondent; *Clark, Boggs, Peterson & Becker* of counsel.

982

ELLISON, J.—This is an original proceeding in mandamus to compel the respondent judge of the Boone County circuit court to reinstate the Fidelity & Casualty Company of New York as a party defendant in a suit brought in that court by Erma E. Anderson (relator here) against Lucile P. Sonksen, administratrix of the estate of Harold J. Sonksen, deceased. Relator instituted the suit below as widow of Orlie M. Anderson to recover $15,000 damages under the wrongful death statutes [Sec. 3653, R. S. 1939, Mo. R. S. A.; Sec. 3654, Laws Mo. 1945, p. 846, §1] for the alleged negligent killing of her husband by defendant's intestate while the former was riding as a passenger and guest in the latter's airplane which crashed to the ground killing both.

·The petition in the cause joined the Fidelity & Casualty Company of New York as a defendant on the theory that it had insured the

Mizzou Flying Club, Inc., and its members, of whom the deceased Sonksen was one, against liability for bodily injuries to passengers in their airplanes and had agreed to pay all sums which the insured should be obligated to pay to such passengers. The insurance company filed a motion that it be stricken from the petition as a defendant, and the trial court sustained the motion on the ground that it had no power or authority to do otherwise. Relator now seeks mandamus to compel the reinstatement of the insurance company as a defendant. The propriety of the trial court's action is the only issue in this mandamus proceeding.

In her brief here relator contends Sec's 15, 16, 37 and 38 of our recently enacted Code of Civil Procedure, Laws Mo. 1943, pp. 353, 360-2, 370, conferred on the trial court authority and jurisdiction to retain the insurance company as a proper party defendant in her suit, and to adjudge the same on its merits against both defendants. In fact she urges it was the court's *duty* to do so.

Sec. 15 of the Code provides in part that "persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants." Sec. 16 provides in part: "All persons may be joined in one action as defendants if there is asserted against them jointly, severally or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all will arise in the action." Sec. 37 permits both the plaintiff and the defendant to join in the same pleading as many claims as they may have, legal or equitable, against the opposing party.

Sec. 38, chiefly relied on, provides: "Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the claim for money; a plaintiff may state his original claim against the defendant and also in either the original or an amended petition or a reply, a claim for having any release, composition, settlement, or discharge of the original claim set aside as fraudulent or otherwise wrongfully procured."

We shall not stop to inquire whether this section is broad enough to authorize the inclusion of third parties as defendants. Its purpose seems to be to dispense with the judicial establishment of one claim as a preliminary to the prosecution of another having some relation to it. But however that may be, as applied to *insurance* we have another statute, Sec. 6010, R. S. 1939, Mo. R. S. A. containing "General Provisions" as follows:

"Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death, or damage to property if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company, person, firm or association as described in the preceding section, and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment."

The next preceding Sec. 6009, provides for recourse against the insurance company even before final judgment against the insured, if he has become insolvent or discharged in bankruptcy. It was held in Homan v. Employers Reinsurance Corp., 345 Mo. 650, 658(2), 136 SW. (2d) 289, 295(2), 127 A. L. R. 163 that both these statutes become a part of every insurance contract within their coverage. They are substantive and undoubtedly prevail over procedural statutes, such as Sec. 38, supra, unless they are waived. Sec. 6010 expressly applies to cases such as this, for bodily injury or death. It says that upon the recovery of *final judgment* for such injuries, if the judgment is not satisfied within 30 days the judgment creditor may · sue the defendant *and* the insurance company in equity to reach and apply the insurance money to the satisfaction of the judgment.

So far as we have found, it seems all Missouri decisions, save one, adhere to the theory of this Homan case and Stedem v. Jewish Memorial Ass'n of Kansas City, 238 Mo. App. 38, 42(2), 187 SW. (2d) 469, 470(2), that under Sec. 6010 there must be a *final judgment* against the insured defendant for the loss or damage to person or property covered by the insurance before the insurance money can be recovered by a suit in equity· as provided in the section. But it is held in several cases that that remedy is cumulative, and that recovery may also be had by garnishment of the insurer under the judgment against the insured. Taverno v. Am. Auto. Ins. Co., 232 Mo. App. 820, 824-5(2), 112 SW. (2d) 941, 944(2); Lajoie v. Central West Casualty Co., 228 Mo. App. 701, 710(1), 71 SW. (2d) 803, 809(1).

The only case in this state permitting a direct action by a third party beneficiary in his own name and behalf against the insurer to establish the initial liability of the insured, and at the same time to recover against the insurer under its policy is Huddleston et al. v. Manhattan Fire & Marine Ins. Co., 235 Mo. App. 776, 780(1), 148 SW. (2d) 74, 75(1). But that decision is questioned in Haines v. Harrison, 357 Mo. 956, 962, 211 SW. (2d) 489, 493(7), to which we shall refer later.

The insurance company in this case did not waive the provisions of Sec. 6010, supra. Its policy provided [italics and parentheses ours] under the caption "Insuring Agreements" II, that except as to a "Coverage D" not involved in this case, "the Insurer (the company) shall: (a) *defend* in his (the insured's) name and behalf any suit against the Insured alleging such injury," etc.

And under the caption "Conditions" Item 6 provided that except in respect to the same "Coverage D", "*no action shall lie against the Insurer* unless, as a condition precedent thereto, the Insured shall have fully complied with all of the terms of this policy *nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial* or by written agreement of the Insured, the Claimant and the Insurer. Any person or organization or the legal representative thereof *who has secured such judgment* or written agreement shall thereafter be entitled to recover under this policy *to the extent of such judgment* or written agreement provided such recovery is not in excess of the insurance afforded by this policy. *Nothing contained in this policy shall give any person or organization any right to join the Insurer as a co-defendant in any action against the Insured to determine the Insured's liability.*"

Relator does not charge in this mandamus proceeding that the insurance company refused to *defend* against the relator's action on the policy in the name of deceased's administratrix as defendant. Relator's sole contention is that by reason of the procedural provisions of our Code, particularly Sec. 38, she had a right to join the insurance company as a co-defendant and to recover a judgment directly against it, in the teeth of Sec. 6010 and the foregoing provisions of the policy. This contention cannot be sustained. On that point relator cites St. Louis Dressed Beef & Provision Co. v. Maryland Casualty Co., 201 U. S. 173, 174-7, 181, 26 S. Ct. 400, 50 L. Ed. 712, and Continental Paper Bag Co. v. Bosworth, 215 SW. 126, 131(2).

In both of those cases the policy provided the insurer should defend the suit against the insured in his name, and should not be liable unless and until a judgment had been obtained against the insured. But also in both cases the insurer had *denied liability* under the policy and *refused to defend* the suit. These decisions are distinguishable from the instant case. Here, not only the policy but a substantive statute provided the insurer should not be liable until a judgment had been obtained against the insured. And the insurer did not refuse to defend the case, but only sought to be stricken from the plaintiff's petition as a *party* defendant.

Returning to the Haines-Harrison case, supra, which on its facts is very similar to this. The plaintiff Haines there was riding in an automobile owned and driven by G. T. Harrison. In a collision the plaintiff sustained injuries and Harrison sustained mortal injuries

and died before plaintiff had filed suit. He therefore made Harrison's administrator a party defendant along with his casualty insurer. Plaintiff contended the insurance contract was for *liability* and not for indemnity, and that the insurer's obligation arose immediately on the occurrence of the casualty, notwithstanding the policy contained a "no action" clause identical with the one here, that "no action shall lie . . . until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial"—or by written agreement. The decision held there could be no recovery since no judgment had been obtained against the insurer, and because the alleged tort feasor had died before the suit was filed and the cause of action had died with him.

Relator in a reply brief distinguishes the Haines-Harrison case, saying that when it was decided tort actions not filed until after the death of the tort feasor would not lie or survive his death, but that the contrary is true now, obviously referring to the repeal and reenactment of Sec. 3670, R. S. 1939, Mo. R. S. A. by 2 Laws Mo. 1947, p. 225, 11 R. S. A., effective July 18, 1948. And it is true the casualty and death in this case occurred after that date, whereas in the Haines-Harrison case they preceded it. The reenacted Sec. 3670, as set out below, at the point marked by an asterisk, omits the following clause which appeared in the first sentence of the old section: *"upon which suit has been or may hereafter be brought by the injured party."* And it adds the last sentence which did not appear in the old section, and which we have italicised. The new section is as follows:

"Causes of action* for personal injuries, other than those resulting in death, whether such injuries be to the health or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued; but in case of the death of either or both such parties, such cause of action shall survive to the personal representative of such injured party, and against the person, receiver or corporation liable for such injuries and his legal representatives, and the liability and the measure of damages shall be the same as if such death or deaths had not occurred. *Causes of action for death shall not abate by reason of the death of a party liable for such death, but shall survive against the legal representatives of such party."*

As will be observed the first sentence of the new section grants an outright exemption from abatement through death on causes of action for personal injuries *other than those resulting in death,* whereas the old section conditioned that exemption on the filing of a suit thereon *by the injured party* [necessarily during his life], and the last sentence likewise declares unconditionally that causes of action *for* wrongful death shall not abate by reason of the death of the tort feasor, but shall survive against his personal representatives. In view of these plain provisions we concede relator's suit against Sonksen's adminis-

tratrix has not abated because of Sonksen's death before the suit was filed. But from that it does not follow she had a right to join Sonksen's insurer as a co-defendant. Under the plain provisions of Sec. 6010, supra, and the terms of the insurance policy conforming therewith she could not proceed against the insurance company before obtaining a judgment against the insured, or his legal representative.

Relator and respondent have cited numerous Federal and out-state decisions [ten of them cited by both parties] declaring the statute and case law of different jurisdictions, including Federal Rule 18b, which is identically the same as the first three textual lines of our Code Section 38, Laws Mo. 1943, p. 370. Some of these sustain relator and some respondent. But we shall not extend the opinion by discussing them. In our opinion our Code provisions do not and cannot annul the substantive provisions of Sec. 6010, supra.

For the reasons stated we conclude our alternative writ of mandamus was improvidently issued and should be quashed. It is so ordered. All concur.