**Clifford Eugene LINDER, Respondent,**

v.

**HAWKEYE–SECURITY INSURANCE COMPANY, a Corporation, Respondent,**
**and**
**Edwin Ray Haynes et al., Appellants.**

No. 53846.

Supreme Court of Missouri,
En Banc.

Oct. 11, 1971.

Rehearing Denied Nov. 8, 1971.

———◆———

Roy F. Carter, Kansas City, for respondent, Hawkeye-Security Insurance Co.; Sprinkle, Carter, Larson & Hanna, Kansas City, of counsel.

John C. Milholland, Harrisonville, Ben W. Swofford, Kansas City, for appellants Haynes; Anderson & Milholland, Harrisonville, Swofford & Waisblum, Kansas City, of counsel.

PER CURIAM.

The sole question presented in this case is whether or not any possible claim that an insured driver of an automobile might have against his insurance carrier for "excess coverage" over and above the policy limits is subject to equitable garnishment by those having obtained judgments against the insured in amounts exceeding the coverage designated in the policy. We are compelled to hold that it is not.

Factually, the record reflects that Linder, the insured driver, was on April 28, 1956, involved in a collision with an automobile in which the Haynes family was riding. Mrs. Haynes was killed and the husband and three children each suffered serious injuries. Five separate damage suits were filed against Linder, and he forwarded all pleadings to the Hawkeye-Security Insurance Company with a demand that it defend the suits. The company refused for the asserted reasons that it had not issued a policy to Linder, nor was he a "permissive" driver of one Bacus who prior to the accident had purchased liability insurance covering the car Linder was driving. That policy provided a total of $10,000 for personal injury claims arising from one occurrence. After refusal of the company to defend the suits, Linder and his own attorney filed pleadings, making up the issues, and all five cases were consolidated for trial. A jury was waived, and on the same day judgments were entered against Linder in a total amount of $115,000. In due time, garnishments reference two of the judgments were run against the company. Section 379.200, RSMo 1969, V.A.M.S. In the garnishment proceeding, it was determined that Linder was an insured driver by virtue of the liability policy Bacus had obtained from Hawkeye, and judgments were entered in the total amount of $10,000 plus interest. These judgments were affirmed on appeal in Haynes v. Linder [and Hawkeye-Security Insurance Company], Mo.App., 323 S.W.2d 505, wherein may be found the details as to how the automobile in question got from Bacus to Linder. The company satisfied these judgments, which left unpaid judgments of $105,000 against Linder in favor of the Haynes.

The present suit was then filed by Linder against Hawkeye and the Haynes, seeking a declaration that Hawkeye was liable for the total amount of the unpaid judgments plus damages for attorney's fees, loss of driver's license and loss of income; and also, that the Haynes be enjoined from having execution on their

judgments against him in view of the existing chose in action against Hawkeye. The Haynes, in effect, adopted this position by filing a cross-claim against Hawkeye wherein they asserted that they had an equitable lien on Linder's claim for "excess coverage" against Hawkeye.

At the trial, Linder testified as to the details of the damage suffered by him because of the denial of coverage. In addition, testimony was given that the Haynes had offered to settle all claims, both before and after trial, for amounts within the designated coverage of $10,000, and that such offers were forwarded to Hawkeye. The trial court ruled that the evidence did not show that there had been a firm offer to settle the five original suits within the policy limits, which is, generally, the factual basis upon which a claim for "excess coverage" is bottomed. However, in view of what we believe to be the proper disposition of this case, we need not consider the propriety of that ruling. In any event, prior to entry of judgment by the trial court, Linder advised the Haynes that he planned to settle his claim against Hawkeye for $4,000 and to dismiss his petition with prejudice. Over objection by the Haynes, Linder's petition was dismissed with the stipulation that such action should have no bearing on the cross-claim of the Haynes. The trial court approved dismissal of Linder's petition and ruled that the Haynes' equitable claims against Hawkeye were foreclosed. From these and other findings, the present appeal was taken.

As noted, we need not consider whether or not the trial court was correct in finding that there had never been a firm offer to settle within the coverage; nor, need we consider what, if any, claim for "excess coverage" Linder might have had against Hawkeye. Zumwalt et al. v. Utilities Ins. Co., 360 Mo. 362, 228 S.W.2d 750; Landie v. Century Indemnity Company, Mo.App., 390 S.W.2d 558; Keeton, Liability Insurance and Responsibility For Settlement, 67 Harvard Law Review 1136. This, for the reason, the sole issue is whether or not the Haynes as judgment creditors could force an equitable garnishment on Hawkeye, the insurer, for any funds in excess of the limits designated in the liability policy covering Linder. On this question, the Haynes' basic argument is that: "The Haynes Are Judgment Creditors Of Linder Who Have No Adequate Remedy at Law and by So Pleading, in the Nature of a Creditor's Bill, Levied Upon and Do have Equitable Liens on Linder's Right To Recovery Against Hawkeye * * * 'Equitable Garnishment' is an established doctrine which affords a right and the method to a judgment creditor to reach assets, including choses in action, which are beyond the reach of legal process." [Citing Pendleton v. Perkins, 49 Mo. 565; Geist v. St. Louis, 156 Mo. 643, 57 S.W. 766; Schott v. Continental Auto Ins. Underwriters, 326 Mo. 92, 31 S.W.2d 7; State ex rel. Brigance v. Smith, 345 Mo. 793, 135 S.W.2d 355.] As argued, there can be no doubt but that the remedy of "equitable garnishment" is a long recognized part of the equity jurisprudence of this state, and that it serves to fill that void created when the normal processes of law are found to be inadequate. Ordinarily, such an established principle might be asserted as the basis for the present claim presented by the Haynes. However, as must be recognized, there are now applicable statutory provisions pertaining to the crucial issue in this case. Those sections are 379.195 and 379.200, RSMo 1969, V.A.M.S., and the latter provides: "Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death, or damage to property if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money, *provided for in the contract of insurance* between the insurance company, person, firm or association as described in section 379.195, and the defendant, applied to the satisfaction of the judgment, and if the

judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment." (Emphasis added.)

Since the original passage of this section, Laws 1925, p. 274, the appellate courts of this state have considered its implications on several occasions. In Schott v. Continental Auto Ins. Underwriters, 31 S.W.2d 7, 12 (1930), this court considered the constitutionality of the statute and said: "The remedy provided for in the act is essentially that of a creditor's bill or equitable garnishment. It is one that has long been applied by courts of chancery, and one which may be invoked by a judgment creditor when the property and funds, including choses in action, of the judgment debtor cannot be reached by execution, and when execution cannot be otherwise satisfied."

The particular section has also been classified as substantive and not procedural. State ex rel. Anderson v. Dinwiddie, 359 Mo. 980, 224 S.W.2d 985, 987; State ex rel. McCubbin v. McMillian, Mo.App., 349 S.W.2d 453. See also Homan v. Employers Reinsurance Corporation, 345 Mo. 650, 136 S.W.2d 289. Nor, has it been found to be an exclusive remedy, because this section did not " * * * destroy any remedy by which the insurance fund could be made available to the judgment creditor; but its purpose was to afford another remedy by which, with existing remedies, such funds, under all conditions, might be made available and subject to the payment of his judgment." Lajoie v. Central West Casualty Co., 228 Mo.App. 701, 71 S.W.2d 803, 812.

Thus, the basic question must be—after a judgment creditor has recovered from the insurer the coverage limits designated in the policy as provided in Section 379.200, should such judgment creditor then be allowed to proceed by the non-statutory procedure of equitable garnishment

to recover directly from the insurer amounts, excluding interest, in excess of the money "provided for in the contract of insurance"? As is readily apparent, the permitting of such additional recovery from the insurer by the judgment creditor would be in disregard of the statute and would necessarily result in our indirectly repealing the limitations therein. In view of the many legislative enactments regulating the operations of liability insurance carriers in this state, we are more than reluctant to ignore the monetary limitations specifically set out in Section 379.200. To hold otherwise would not be within the spirit of the statute and would contravene the apparent will of the legislature.

The judgment of the trial court is affirmed.

All concur except HOLMAN and HENLEY, JJ., who concur in result.