Charles HARRIS, d/b/a Harris Super Market, Appellant,

v.

STATE BANK AND TRUST COMPANY OF WELLSTON et al., Respondents.

No. 56251.

Supreme Court of Missouri, Division No. 2.

Sept. 11, 1972.

**178**

Donald V. Nangle, St. Louis, for appellant.

John C. Danforth, Atty. Gen., John C. Craft, D. Brook Bartlett, Asst. Attys. Gen., Jefferson City, for State Treasurer of Missouri, William E. Robinson.

Cook & Vetter, Jefferson City, for Central Missouri Trust Co.

MORGAN, Presiding Judge.

Plaintiff's petition for a declaratory judgment was dismissed by the trial court for failure to state a cause of action upon the motion of each of the defendants. (Sections 527.010–527.140, RSMo 1969, V. A.M.S.; and Supreme Court Rule 87.) Plaintiff has appealed.

The petition reflects that plaintiff was engaged in the retail grocery business; that he had cashed certain "state" checks issued by the Treasurer of Missouri payable from funds in the Central Missouri Trust Company and had deposited the same in his account with the State Bank and Trust Company of Wellston; that certain of such deposits had been nullified by debit charges against his account after the payees of such checks had filed affidavits that the endorsements thereon had been forged. After a detailed recitation of such facts, it was declared that ". . . there are important, difficult and doubtful questions respecting plaintiff's business checking account, . . ." and thereafter twelve questions are set out. One, in part, is: "Does the plaintiff's remedy in this situation sound in tort or in contract? If in contract, is it on an account stated or on quantum meruit"? The prayer of the petition requests answers to such questions so that "he may proceed in obtaining satisfactory remedy."

The court's conclusions in Nations v. Ramsey, Mo.App., 387 S.W.2d 276, are expressed in words appropriate here, to-wit (l.c. 279): "We recognize that when a petition is to be interpreted against demurrer attack it should be liberally construed, and its language should be given every fair and reasonable intendment. [citations] We also recognize that the test as to the sufficiency of the petition for declaratory judgment is not whether the plaintiff is entitled to the relief prayed for, but whether he is entitled to a declaration of rights or status on the facts pleaded. [citations] But we also understand that the declaratory judgment act, while it is to be interpreted liberally is not a general panacea for all real and imaginary legal ills, nor is it a substitute for all existing remedies. It should be used with caution. And except in exceptional circumstances plainly appearing, it is not to be used and

applied where an adequate remedy already exists."

This court has reached the same conclusions. For instance, in Glueck Realty Company v. City of St. Louis, Mo., 318 S. W.2d 206, 211, it was said: "Where a plaintiff has an adequate remedy by law, he may not resort to a separate suit in a court of equity or the Declaratory Judgment Act, Section 527.010 et seq. RSMo 1949, V.A.M.S., for redress"; and again in Buford v. Lucy, Mo., 328 S.W.2d 14, 18: "The statutory provisions for declaratory judgment actions are designed to supply a deficiency in our remedial proceedings and are not intended to be a substitute for all existing remedies."

The judgment is affirmed.

HENLEY and DONNELLY, JJ., and CONNETT, Special Judge, concur.