**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2243
_____

| | | |
|---|---|---|
| Alfred E. Harre; Bernice E. Harre; David Bening, | * * * | |
| Plaintiffs/Appellees, | * * | |
| v. | * * * | Appeal from the United States District Court for the Eastern District of Missouri. |
| Arthur G. Muegler, | * * | |
| Defendant/Appellant, | * * | [UNPUBLISHED] |
| Rita D. Glover; Donald V. Nangle, | * * | |
| Movants/Appellants. | * | |

_____

Submitted: July 30, 1997
Filed: August 20, 1997
_____

Before BOWMAN, HANSEN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

After David Bening and Alfred Harre were unable to collect separate judgments of $260,000 each against Arthur Muegler, they moved in the district court[1] for a

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

creditor's bill or equitable garnishment on Muegler's portion of a contingency fee owed him and Donald Nangle for legal work on behalf of Rita Glover. The district court granted the motion and ordered that Muegler's portion of the legal fees be paid to Harre and Bening. Muegler, Nangle, and Glover[2] appeal. We affirm.

In January 1996, appellees Harre and Bening obtained judgments against Muegler on their claims of fraud and misrepresentation. The judgments were later affirmed in <u>Harre v. Muegler</u>, 113 F.3d 909 (8th Cir. 1997), but appellees were meanwhile unable to collect on them and moved for a creditor's bill and equitable garnishment. Appellees alleged that Muegler was concealing property and assets and had insufficient property to satisfy the judgments and that they had tried to collect through various writs of execution which were all returned unsatisfied. They asserted that Muegler and Nangle had been representing Glover in several cases which had been consolidated in which she sought to collect life insurance proceeds from policies on her late husband, that those life insurance proceeds had been interpleaded and were in the custody of the clerk of the district court, and that Muegler was scheduled to receive fees from the insurance proceeds for his representation of Glover.

The district court held a preliminary hearing and entered a preliminary order in May 1996 enjoining the clerk of court from paying any of the interpleaded funds until further order. It also ordered Muegler, Glover, and Nangle to appear to respond to the allegations in the motion and indicated that the merits of the motion for a creditor's bill would be decided after they appeared and discovery was had.

The final hearing on the motion was held in September 1996. Harre and Bening produced evidence that Muegler had admitted in his deposition taken in July of 1996 that he had worked on the Glover cases in the district court, had been the attorney of record in one of the cases, and had filed and signed over thirty pleadings. The

---

[2]Although appellants' brief states that Glover died on November 30, 1996, the notice of appeal was filed on May 8, 1997.

testimony of Muegler and Nangle from a separate trial was also presented in which they described the typical manner in which they worked together and how they split fees. That testimony showed that Muegler customarily received between 50 and 75 percent of the contingency fee when he worked on a case with Nangle, even if he had not been a party to the contingency fee agreement, and that Muegler had already received payment for representation of Glover concerning the life insurance policies in a state court case. Muegler and Nangle did not produce any evidence to dispute the allegations and did not supply requested information concerning Muegler's assets and ability to satisfy the judgments. They argued that there could be no equitable garnishment because there were no records detailing Muegler's work or payment received and that appellees had failed to follow procedural requirements.

Before the district court ruled on the motion, Glover's counsel successfully obtained from Judge Catherine Perry an order for default judgment and payment in one of the insurance cases. That case had been transferred to Judge Perry in September 1996, and in spite of the earlier order of Judge Shaw not to disburse the interpleaded funds, the clerk paid out approximately $37,000 of the funds on January 31, 1997 pursuant to Judge Perry's order of the previous day.

In March 1997, Judge Shaw granted a creditor's bill, vacating his preliminary order, finding that Muegler was entitled to 50% of the contingency fee for his representation of Glover, and ordering that any portion of the interpleaded funds which represented fees Muegler was scheduled to receive should be paid to Harre and Bening to satisfy their judgments.

Muegler, Nangle, and Glover appeal, arguing that the district court erred in granting the creditor's bill to enforce the judgments. They argue that the district court did not have jurisdiction over the motion for a creditor's bill, they were not given proper notice, the elements necessary to impose a creditor's bill were not established, the district court orders violated their constitutional rights, and they should have been

awarded attorney fees for defending against the motion. Harre and Bening respond that the district court complied with the necessary jurisdictional and procedural requirements for granting a creditor's bill and that the evidence in the record supports its order.

In the absence of a controlling federal statute, a district court "has the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state court under local law." H.H. Robertson Co. v. V.S. DiCarlo Gen'l Contractors, Inc., 994 F.2d 476, 477 (8th Cir. 1993) (quotations and citations omitted). A creditor's bill is an appropriate remedy under Missouri law and enables a judgment creditor to trace the value of goods and services to satisfy a judgment. Id. It "serves to fill the void created where the normal processes of law are found to be inadequate." Linder v. Hawkeye-Security Ins. Co., 472 S.W.2d 412, 414 (Mo. 1971) (en banc).

A careful review of the record shows that the district court did not err in finding it had jurisdiction and granting the motion for a creditor's bill. Muegler, Nangle, and Glover received notice of the motion for a creditor's bill on the interpleaded insurance funds, and they were given ample opportunity to respond to the allegations in the motion and to present evidence on whether the creditor's bill should be granted. See id. at 478. There were valid judgments against Muegler, and he had repeatedly failed to produce requested information concerning the location and amount of his assets. Appellees had been unable to collect their judgments. There was substantial evidence to support the finding that Muegler was entitled to receive fees for his representation of Glover out of any life insurance proceeds she collected and that a creditor's bill should be granted on those funds to satisfy the outstanding judgments against him. See Shockley v. Harry Sander Realty Co., 771 S.W.2d 922, 925 (Mo. Ct. App. 1989).

Muegler has not made a showing on his constitutional claims, and since the district court did not err in granting the creditor's bill appellants' request for attorney fees is moot.[3]  The order of the district court is therefore affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]Muegler has also raised several issues concerning the granting of the preliminary order in aid of execution, but since that order has been vacated and the underlying claim has been decided on the merits, those issues are moot.  See Abdalla v. INS, 43 F.3d 1397, 1398-99 (10th Cir. 1994).  Similarly, Muegler's motion to strike appellees' brief and supplementary appendix need not be addressed since the unsatisfied writs of execution about which he complains have not been considered on this appeal.