Harold CRONIN, Respondent,

v.

STATE FARM FIRE & CASUALTY CO., Appellant.

No. WD 53803.

Missouri Court of Appeals, Western District.

Dec. 9, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 1998.

Kevin P. Schnurbusch, Patricia B. Frank, Evans & Dixon, St. Louis, for appellant.

Mark D. Pfeiffer, Sapp, Orr, Bley & Pfeiffer, Columbia, for respondent.

Before EDWIN H. SMITH, P.J., and BERREY and ELLIS, JJ.

ELLIS, Judge.

State Farm Fire and Casualty Company appeals from a declaratory judgment finding that its homeowner's policy issued to Edwin and Nancy Hippo provided insurance coverage for personal injuries sustained by Harold Cronin when he was physically assaulted by the Hippos' son, Frederick.

On March 3, 1994, Mr. Cronin was socializing with friends when he was struck and injured by Frederick Hippo. Mr. Cronin brought a personal injury action against Frederick Hippo. In Count I of his petition, Mr. Cronin alleged Mr. Hippo negligently and carelessly caused injuries to him. In Count II, Mr. Cronin asserted that Mr. Hippo intentionally caused him harm.

Frederick Hippo's parents, Edwin and Nancy Hippo, had a homeowner's insurance policy issued by State Farm Fire & Casualty Company ("State Farm"). The policy covered Frederick Hippo as well. The Hippos' notified State Farm of Mr. Cronin's claim. However, State Farm denied coverage. Moreover, State Farm refused to provide a defense, even declining to offer to defend under a reservation of rights.

After State Farm denied coverage, Mr. Hippo entered into a confession of judgment on Mr. Cronin's claim that he had negligently and carelessly caused injuries to Mr. Cronin. Pursuant to the confession of judgment, the trial court entered judgment against Mr. Hippo for $150,000 in damages on January 25, 1996. On February 20, 1996, Mr. Cronin brought a declaratory judgment against State Farm seeking a declaration that State Farm was liable for the damages under the terms of its homeowners policy issued to Edwin and Nancy Hippo. The trial court ultimately found in favor of Mr. Cronin and rendered judgment accordingly on December 3, 1996. From that judgment, State Farm appeals.

When reviewing a declaratory judgment, our standard of review is the same as in any other court tried case. *McDermott v. Carnahan*, 934 S.W.2d 285, 287 (Mo. banc

1996). We will affirm the decision of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Moreover, we are concerned primarily with reaching a correct result, and thus we do not need to agree with the reasoning of the trial court in order to affirm its decision. *Graue v. Missouri Property Ins. Placement Facility*, 847 S.W.2d 779, 782 (Mo. banc 1993).

In its first point, State Farm contends the trial court erred in granting Mr. Cronin a declaratory judgment because § 379.200 [1] provides an exclusive remedy by which a tort claimant who has obtained a judgment against an insured may proceed directly against the insurer. Alternatively, State Farm asserts that even if the remedy provided in the statute is not exclusive, it is nevertheless an adequate remedy at law such that an action in equity will not lie. We disagree. A declaratory judgment action is not an equitable proceeding, and the remedy provided in § 379.200 is neither exclusive nor is it one at law.

Sections 379.195 and 379.200 were originally enacted as sections 1 and 2 of the same act in 1925.[2] *State ex rel. McCubbin v. McMillian*, 349 S.W.2d 453, 465 (Mo.App. E.D.1961). They have been construed together on numerous occasions and it is axiomatic that since they are provisions of the same legislative act, they should be read together and harmonized if possible. *Id.* The two sections provide:

§ 379.195 1. In respect to every contract of insurance made between an insurance company, person, firm or association, whether a stock, a mutual, a reciprocal or other company, association or organization, and any person, firm or corporation, by which such person, firm or corporation is insured against loss or damage on account of the bodily injury or death or damage to property by accident of any person, for which loss or damage such person, firm or corporation is responsible, whenever a loss

1. All statutory references are to RSMo 1994 unless otherwise noted.

2. Laws 1925, p. 274.

occurs on account of a casualty covered by such contract of insurance, the liability of the insurance company, if liability there be, shall become absolute, and the payment of said loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, or damage, or death, or if the insured becomes insolvent or discharged in bankruptcy during the period that the policy is in operation or any part is due or unpaid, occasioned by said casualty.

2. No such contract of insurance shall be canceled or annulled by any agreement between the insurance company and the assured after the said assured has become responsible for such loss or damage, and any such cancellation or annulment shall be void.

§ 379.200 Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death, or damage to property if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company, person, firm or association as described in section 379.195, and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment. This section shall not apply to any insurance company in liquidation.

█ Prior to enactment of §§ 379.195 and 379.200, it had long been the custom of many insurance companies to insert a "no action clause" in their contracts. *Schott v. Continental Auto Ins. Underwriters*, 326 Mo. 92, 31 S.W.2d 7, 11 (1930). Such clauses provided, in effect, that the insurance company was liable only for reimbursement of the amount of the loss actually incurred by, *and paid in money by the insured*, after trial of the issues. *Id.*

> It had not infrequently happened that an insolvent insured, after incurring liability, effected a collusive settlement with the insurer and canceled his policy in order to thwart the collection of a judgment against him through garnishment of the insurance company.
>
> The mischief which the Legislature had in mind is obvious; to remedy that mischief it passed an act to *regulate the payment* under contracts of casualty insurance.

*Id.* at 12 (emphasis in original). Analysis of §§ 379.195 and 379.200 together reveal that they regulate the payment in three ways: (1) they prescribe the time when payment shall be made, (2) the person to whom the payment is made, and (3) the manner in which it may be enforced. *Id.* " 'Regulation of the payment' is the single objective of the act. . . ." *Id.*

> "[Section 379.200] establishes a temporary lien in favor of one, who has put the damages, resulting to him from the casualty insured against, in the form of a judgment, on the amount due under the policy as between the insured and the insurer. It also affords him the usual remedies of a judgment creditor. . . . No discussion is required to demonstrate that the Legislature may establish appropriate forms of relief for existing rights or those rightly created, and that it may provide equitable procedure for the enforcement or protection of such rights."
>
> The remedy provided for in the act is essentially that of a creditor's bill or equitable garnishment. It is one that has long been applied by courts of chancery, and one which may be invoked by a judgment creditor when the property and funds, including choses in action, of the judgment debtor cannot be reached by execution, and when execution cannot be otherwise satisfied. The act therefore does not deny right of trial by jury as enjoyed at common law and as guaranteed by the Constitution of this state.

*Id.* (quoting *Lorando v. Gethro*, 228 Mass. 181, 117 N.E. 185, 188 (1917)) (citations omitted).

The cases likewise teach that § 379.200 did not create an exclusive remedy. The general rule as to the exclusiveness of a statutory remedy is set out in *Hawkins v. Burlington Northern, Inc.*, 514 S.W.2d 593 (Mo. banc 1974):

> Where a statute prescribing a remedy does not create a new right or liability, but merely provides a new remedy for an independent right or liability already existing, the general rule is that the remedy thus given is not regarded as exclusive but as merely cumulative of other existing remedies, and does not take away a preexisting remedy, or, as more specifically stated, if a statute gives a new remedy in the affirmative, and contains no negative, express or implied, of the old remedy, the new remedy is merely cumulative; and in such a case, the party having the right may resort to either the preexisting or the new remedy. The general rule applies whether the preexisting right or liability is one previously enforceable at common law, or by virtue of some other statute or constitutional provision; and whether it was previously enforceable at law or in equity.

*Id.* at 598 (quoting 1 C.J.S. Actions, § 6c., p. 976). Consistent with the general rule, § 379.200 did not eliminate any remedy by which an insurance fund could be subjected to the judgment creditor's claim. *Linder v. Hawkeye–Security Ins. Co.*, 472 S.W.2d 412, 415 (Mo. banc 1971). Rather, "its purpose was to afford another remedy by which, with existing remedies, [insurance] funds, under all conditions, might be made available and subject to the payment of [a tort plaintiff's] judgment." *Id.* (quoting *Lajoie v. Central West Cas. Co.*, 228 Mo.App. 701, 71 S.W.2d 803, 812 (1934)).

State Farm nevertheless directs our attention to *State Farm Mutual Automobile Ins. Co. v. Allen*, 744 S.W.2d 782 (Mo. banc 1988), claiming that it "holds" that § 379.200 creates an exclusive remedy. In *Allen*, State Farm brought a declaratory judgment action, prior to a judgment in the underlying tort action, against its insured, Allen, and all of the auto wreck plaintiffs suing Allen.[3] The Court expressed the view that the tort plaintiffs were not third party beneficiaries under the insurance contract between Allen and his insurer, and therefore could "not sue the insurer directly, but are relegated to garnishment process directed against the insurer when and if they obtain judgment against Allen." *Id.* at 786. State Farm construes this language as a holding by the Supreme Court that the remedy provided in § 379.200 is an exclusive remedy. The contention is unfounded.

The clear implication of the *Allen* Court's comments regarding garnishment was simply that a tort victim was not entitled to bring an action against a defendant's insurance company until after obtaining a judgment. *Allen* did not purport to abolish any existing post-judgment remedies available to a judgment creditor or to overturn the Court's previous rulings that the equitable remedy provided in § 379.200 is permissive rather than exclusive and does not " 'destroy any remedy by which the insurance fund could be made available to the judgment creditor; but its purpose was to afford another remedy by which, with existing remedies, such funds, under all conditions, might be made available and subject to the payment of his judgment.' " *Linder v. Hawkeye—Security Ins. Co.*, 472 S.W.2d 412, 415 (Mo. banc 1971) (quoting *Lajoie v. Central West Cas. Co.*, 228 Mo.App. 701, 71 S.W.2d 803, 812 (1934)). Indeed, in making its comments regarding garnishment, the *Allen* Court cited as authority *State ex rel. Anderson v. Dinwiddie*, 359 Mo. 980, 224 S.W.2d 985 (1949). *Dinwiddie* concerned whether an insurance company could be joined directly in a tort claim. Under the same statutory language as § 379.200, the court held that the statutory language trumped any implications of procedural joinder rules and stated:

> [T]here must be a *final judgment* against the insured defendant for the loss or damage to person or property covered by the insurance before the insurance money can be recovered in a *suit in equity* as provid-

---

**3.** Allen had been sued by those injured in an accident he caused while driving a car owned by another party.

ed in the section. *But it is held in several cases that that remedy is cumulative, and that recovery may also be had by garnishment of the insurer under the judgment against the insured.*

*Id.* at 987 (italics in original; emphasis added).

■ From the foregoing, it is apparent that § 379.200 did not create an exclusive, specific statutory remedy. It is likewise clear that § 379.200 authorizes an *"equitable"* proceeding. Section 379.200 expressly provides that if a "judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor *may proceed in equity* against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment." § 379.200 (emphasis added). The cardinal rule of statutory construction is to determine the intent of the legislature from the wording of the statute and to give effect to that intent, if possible. *Maudlin v. Lang,* 867 S.W.2d 514, 516 (Mo. banc 1993). In interpreting a statute, the words contained therein must be given their plain and ordinary meaning. *McCollum v. Director of Revenue,* 906 S.W.2d 368, 369 (Mo. banc 1995). The clear language of § 379.200 reflects the legislature's intent to allow a judgment creditor to pursue a remedy in an equitable action. Moreover, numerous cases have so held.

In *Zink v. Employers Mutual Liability Insurance Company,* 724 S.W.2d 561 (Mo. App. W.D.1986), this court declared that "[t]he *equitable proceeding* authorized by § 379.200 ... is a *suit in equity* against the insurance company to seek satisfaction of one's judgment under an insurance policy." *Id.* at 564 (emphasis added). Similarly, in *Knipp v. Truck Insurance Exchange,* 857 S.W.2d 281 (Mo.App. W.D.1993), we stated that " § 379.200 ... allows an unsatisfied judgment creditor in a suit for bodily injury or death to file *an equitable action* against the defendant and the insurer to reach the 'insurance money.'" *Id.* at 282 (emphasis added). And, in *Sanders v. Wallace,* 842 S.W.2d 553 (Mo.App. E.D.1992), the Eastern District of this court commented that "a judgment creditor *may proceed in equity* to

recover policy proceeds, § 379.200 RSMo (Supp.1991), or direct a garnishment action against the insurer." *Id.* at 556, n. 2 (emphasis added). Finally, *Dinwiddie,* discussed *supra* and relied on by the *Allen* court, expressly refers to a *"suit in equity."* *State ex rel. Anderson v. Dinwiddie,* 224 S.W.2d at 987 (emphasis added).

■ It is apparent, based on the preceding analysis, that State Farm's argument that § 379.200 provides an exclusive remedy, and its alternative contention that such remedy is one at law such that an action in equity will not lie, must fail. Nevertheless, we conclude that the trial court erred in entertaining Mr. Cronin's declaratory judgment action for other reasons. An action pursuant to the Declaratory Judgment Act, § 527.010, RSMo 1994, is *sui generis,* neither legal nor equitable. *Preferred Physicians Mut. Management Group, Inc. v. Preferred Physicians Mut. Risk Retention Group,* 916 S.W.2d 821, 823 (Mo.App. W.D.1995). However, its historical affinity is equitable and many equitable principles have been applied to such actions. *Id.* Section 527.120 declares that the Declaratory Judgment Act is "remedial." As a consequence, Missouri courts have long held that since the act is remedial, "it does not abolish or furnish an additional for an existing remedy but supplies a deficiency or abridges a superfluity in the law." *State ex rel. Kansas City Bridge Co. v. Terte,* 345 Mo. 95, 131 S.W.2d 587, 589 (1939). Moreover, " 'the declaratory judgment act, while it is to be interpreted liberally is not a general panacea for all real and imaginary legal ills, nor is it a substitute for all existing remedies. It should be used with caution. And except in exceptional circumstances plainly appearing, it is not to be used and applied where an adequate remedy already exists.' " *Harris v. State Bank & Trust Co. of Wellston,* 484 S.W.2d 177, 178–79 (Mo.1972) (quoting *Nations v. Ramsey,* 387 S.W.2d 276, 279 (Mo. App. S.D.1965)).

■ The latter point is critical to the analysis in this case. Unlike the principle of equity that jurisdiction will not be exercised if there is an *adequate remedy at law,* the rule with respect to declaratory judgment actions is that, except in unusual situations

plainly appearing, such an action cannot be maintained if an *adequate remedy* already exists. It matters not whether the remedy is legal or equitable; the issue is whether an *adequate remedy exists.* The rule is a logical consequence of the *sui generis* quality of the declaratory judgment action. Being neither legal nor equitable, and thus not recognized at common law, Missouri courts have interpreted the act to incorporate a deference for any existing or traditionally recognized remedy, without regard to whether the remedy is at law or in equity. *Id.; Preferred Physicians Mut. Management Group,* 916 S.W.2d at 824; *King Louie Bowling Corp. of Missouri v. Missouri Ins. Guar. Ass'n,* 735 S.W.2d 35, 38 (Mo.App. W.D.1987); *J.H. Fichman Co. v. City of Kansas City,* 800 S.W.2d 24, 27 (Mo.App. W.D.1990); *Polk County Bank v. Spitz,* 690 S.W.2d 192, 194 (Mo.App. S.D.1985); *Farm Bureau Town & Country Ins. Co. v. Crain,* 731 S.W.2d 866, 871–72 (Mo.App. S.D.1987). "The purpose of the Declaratory Judgment Act in reducing the multiplicity of litigation is not advanced when a defendant is allowed to utilize declaratory relief even though an adequate alternative remedy exists." *Preferred Physicians Mut. Management Group, Inc.,* 916 S.W.2d at 824. Thus, in the case at bar, it makes no difference whether § 379.200 provides a remedy at law or in equity, the query is whether the statute provided Mr. Cronin with an *adequate remedy* such that an action for declaratory judgment would not lie.

In the case *sub judice,* Mr. Cronin obtained his judgment against Mr. Hippo on January 25, 1996. Mr. Cronin's Petition for Declaratory Judgment was filed twenty-six (26) days later on February 20, 1996. By its terms, § 379.200 provides that *"if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity* against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment." (emphasis added). Thus, since it is a prerequisite under the statute that the judgment be not satisfied for thirty days before the judgment creditor may proceed, it is axiomatic that an action pursuant to the statute will not lie until more than thirty days after the entry of judgment.

Therefore, Mr. Cronin could not bring a cognizable action pursuant to § 379.200 on February 20, 1996, the date he filed his Petition for Declaratory Judgment, because his judgment had not remained unsatisfied for thirty days.

However, the fact that Mr. Cronin could not proceed under § 379.200 until four days subsequent to initiation of his declaratory judgment action does not conclude the inquiry as to whether the statute provided him an adequate remedy. Our Supreme Court has recognized a distinction between alternative remedies which are pending or imminent, and those which are less certain.

"Where a party's action is about to begin or has begun, it serves no sensible end to permit his adversary to appear as an equitable actor and start the proceedings for an autonomous declaration that he has a good defense to his opponent's pending or imminent action. But where the facts do not show such imminence of suit, or where there is a practical ground for permitting a party ... to claim and obtain exoneration from a judicial proceeding, there is no reason why the courts should not take cognizance"—of a declaratory action covering the same issues.

*State ex rel. United States Fire Ins. Co. v. Terte,* 351 Mo. 1089, 176 S.W.2d 25, 30 (1943) (quoting Borchard, *Declaratory Judgments* 303 (2nd ed.)); *State Farm Fire & Cas. Co. v. Powell,* 529 S.W.2d 666, 669 (Mo.App. S.D. 1975); *Preferred Physicians Mut. Management Group, Inc.,* 916 S.W.2d at 824.

Nonetheless, the trial court is afforded wide discretion in administering the Declaratory Judgment Act. *Millers Mut. Ins. Ass'n v. Babbitt,* 790 S.W.2d 944, 946 (Mo.App. W.D.1990). Indeed in *Millers,* this court declared that it was "no ground for reversible error that the trial court exercised its discretion to entertain the declaratory judgment action," *Id.* at 947, even though the issue in the case (policy coverage) could have been raised in a suit brought by the victim for recovery under the policy. However, in *Preferred Physicians,* we explained that holding:

[*Millers* ] should not be read to preclude appellate review of the decision to enter-

tain a declaratory judgment suit. The trial court's exercise of discretion in applying the provisions of the Declaratory Judgment Act must be sound, based on good reason, and calculated to serve the purposes for which the legislation was enacted, particularly to provide relief from uncertainty and insecurity. Whether a trial court abused its discretion depends on the circumstances of each case.

In *Terte*, the Missouri Supreme Court set forth the factors to consider in proceeding with a declaratory judgment action. Although *Terte* addressed the discretion afforded a trial court in staying relief in a suit for declaratory judgment, its principles apply to the situation here. The considerations in the exercise of discretion include public policy and interest, efficiency, convenience, economy, the good or bad faith of the party bringing the declaratory judgment action, and whether the trial court's administration of the Declaratory Judgment Act served the purposes for which the legislation was enacted.

*Id.* at 824–25 (citations omitted).

■ Applying the *Terte* factors to the case at bar, it becomes apparent that the trial court erred in proceeding to hear and rule on Mr. Cronin's declaratory judgment action. The case does not involve any public policy issues, nor does it involve questions of widespread interest justifying immediate decision. There was no efficiency, convenience or judicial economy to be gained since Mr. Cronin could have filed his equitable proceeding under § 379.200 four days after he filed the declaratory judgment action. As to Mr. Cronin's good or bad faith, there is no indication whatsoever of bad faith on his part. We can only conclude that he was anxious to collect on his judgment, which is perfectly natural, particularly in light of the fact that it had been almost two years since he was injured and State Farm had steadfastly denied the claim, even refusing to defend Mr. Hippo under a reservation of rights. Mr. Cronin's impatience in no way constitutes bad faith on his part, but rather conclusively establishes his good faith. Nevertheless, the overall application of the *Terte* factors reveals that the trial court's decision to entertain the claim

for declaratory relief does not serve the purpose of the Declaratory Judgment Act. As intimated by the *Terte* court, it "serves no sensible end" to permit one to pursue declaratory relief when an equitable proceeding that can provide complete resolution of all issues existing between the parties pursuant to § 379.200 can be pursued imminently. A declaratory judgment action is not "a substitute for all existing remedies and should be used with caution." *Preferred Physicians Mut. Management Group, Inc.*, 916 S.W.2d at 824 (quoting *O'Meara v. New York Life Ins. Co.*, 237 Mo.App. 409, 169 S.W.2d 116, 122 (1943)).

For the reasons stated herein, the trial court's judgment must be reversed and the case remanded. Given this disposition, we need not address State Farm's other points. However, we recognize, as noted previously, that Mr. Cronin's cause of action pursuant to § 379.200 had not accrued at the time he filed the declaratory judgment action herein because his judgment against Mr. Hippo had not yet remained unsatisfied for thirty (30) days. Consequently, the closely related principles of splitting a cause of action and *res judicata* are not implicated.

Generally, the test used to determine whether a cause of action is single and cannot be split is: (1) whether the separate actions brought arise out of the same act, contract or transaction, or (2) whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions.... The prohibition against splitting a cause of action is not applicable where the parties are different, or where the claims arise from different acts or circumstances, or where evidence needed to sustain the actions is different.

*McCrary v. Truman Medical Center, Inc.*, 943 S.W.2d 695, 697 (Mo.App. W.D.1997) (citations omitted). For the sake of judicial economy, therefore, the trial court's judgment is reversed and the cause is remanded for further proceedings consistent with this opinion. *See Butcher v. Main*, 426 S.W.2d 356, 358 (Mo.1968); *Pinkston v. Ellington*, 845 S.W.2d 627, 629 (Mo.App. E.D.1992); *Okello v. Beebe*, 930 S.W.2d 40, 43 (Mo.App. W.D.1996).

· BERREY, Senior Judge, concurs.

EDWIN H. SMITH, P.J. concurs in result in separate concurring opinion.

**EDWIN H. SMITH, Presiding Judge, concurring.**

I concur in the result only.

Although I concur in the result reached by the majority, I disagree with the route taken. With all due respect, the route chosen by the majority, in my judgment, is unnecessarily circuitous. I believe there exists a more direct and straightforward route in reaching the conclusion that the trial court here erred in granting Mr. Hippo's petition for declaratory judgment.

Appellant claims that the trial court erred in granting respondent a declaratory judgment in that he lacked the necessary standing to seek a declaratory judgment establishing coverage under Hippo's parents' homeowners insurance policy to collect his judgment against Hippo, because respondent's exclusive remedy was an equitable garnishment action brought pursuant to § 379.200, RSMo (1991). In this regard, appellant argues that the trial court lacked the authority to grant respondent a declaratory judgment, as prayed for in his petition, in that, based on the facts pled therein and the reasonable inferences to be drawn therefrom, he could not avail himself of the declaratory judgment act to collect his judgment against Hippo. Thus, the issue which must be initially addressed here is whether respondent's petition for declaratory judgment, given its most liberal construction and according it all reasonable inferences deducible from the facts stated therein, stated a cause of action so as to vest the trial court with the authority to grant its declaratory judgment for respondent. *Adkisson v. Director of Revenue,* 891 S.W.2d 131, 132 (Mo. 1995).

The Missouri Supreme Court has held that a party cannot resort to the declaratory judgment act for relief where a different, adequate and specific statutory method is provided. *Adkisson,* 891 S.W.2d at 133. In this respect, § 379.200 provides in pertinent part:

Upon the recovery of a judgment against any person ... by any person ... for loss or damage on account of bodily injury or death, or damage to property if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company ... and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment.

§ 379.200, RSMo (1991). Contrary to the assertion of the majority, this section does not authorize a judgment creditor to proceed generally in equity, but for the limited purpose of garnishing insurance money to satisfy a judgment obtained against an insured. *State Farm Mut. Auto. Ins. Co. v. Allen,* 744 S.W.2d 782, 786 (Mo.1988). "The theory of the garnishment action is that the insurer is in possession of a fund dedicated to the payment of judgments against the insured to the extent of the policy limits." *Id.*

As to the § 379.200 remedy, it is unnecessary to decide whether it was respondent's exclusive remedy for collecting his judgment against Hippo, as appellant contends, in that the issue of exclusivity is irrelevant to the disposition of this appeal. What is relevant is the fact that this specific statutory remedy provided respondent with an adequate remedy to collect his judgment against Hippo. Thus, under the clear language of the Missouri Supreme Court's holding in *Adkisson,* respondent could not seek relief under the declaratory judgment act, *Adkisson,* 891 S.W.2d at 132, and the trial court erred in not dismissing his petition for declaratory judgment.

**Conclusion**

I would reverse the declaratory judgment of the trial court and remand the cause to it

 

with direction to dismiss respondent's petition for declaratory judgment.