David K. McCOLLUM, Appellant,

v.

DIRECTOR OF REVENUE, Respondent,

and

St. Charles County, Intervenor–
Respondent.

No. 77670.

Supreme Court of Missouri,
En Banc.

Sept. 19, 1995.

Rehearing Denied Oct. 24, 1995.

Lester W. Duggan, Jr., St. Charles, for appellant.

Jeremiah W. Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent.

Joan Leykam, County Counselor, Stephanie Gastman, Harold A. Ellis, Asst. County Counselors, St. Charles County, St. Charles, for intervenor-respondent.

PER CURIAM.

On March 19, 1991, Appellant David McCollum purchased a 1988 Honda from a car dealer in St. Charles County. McCollum was charged a total of $51.95 for two separate county sales taxes. He now seeks a refund of that amount on the ground that the taxes were unlawfully imposed. The Director of Revenue denied the claim on April 13, 1994. The Administrative Hearing Commission (AHC), after a hearing, upheld the Director's determination, and McCollum now appeals to this Court. Our jurisdiction is based on the need to construe two revenue laws, § 67.505, RSMo Supp.1979, and § 67.700, RSMo Supp.1985. Mo. Const. art. V, § 3. We affirm the AHC decision.

In a special election held on November 6, 1979, the voters of St. Charles County approved imposition of a one-half cent sales tax as authorized by § 67.505, RSMo Supp.1979. Thereafter, in a special election held on November 5, 1985, the voters of St. Charles County approved an additional one-half cent

sales tax, this time under the authority of § 67.700, RSMo Supp.1985. After each election, the St. Charles County Commission issued an order to the Director certifying voter approval, referencing the respective statutes, and requesting implementation of the tax.

■ McCollum first contends that the AHC erred by excluding from evidence certain exhibits containing the ballot language and notices of election for the two sales tax elections. According to McCollum, these exhibits were relevant because the language of the ballots and the notices did not comply with the requirements of the statutes authorizing the elections. We need not address the merits of this point because the wording of a proposition on a ballot is an issue cognizable only in an election contest. *Beatty v. Metropolitan St. Louis Sewer District,* 700 S.W.2d 831, 838 (Mo. banc 1985). McCollum does not purport to bring an election contest. The exhibits were properly excluded from evidence.

McCollum next argues that the taxes are invalid because they are imposed at a rate different from that authorized by the statutes. Both § 67.505 and § 67.700 authorize a sales tax of "one-half of one percent." By comparison, the county commissioner's post-election tax orders use the terms "one-half cent sales tax" and "one-half cent (1/2¢) countywide sales tax."

■ Ordinances are presumed to be valid and lawful. *Parking Systems, Inc. v. Kansas City Downtown Redevelopment Corp.,* 518 S.W.2d 11, 16 (Mo.1974).[1] If, however, a municipal ordinance conflicts with a general law of the state, it is void. *Kansas City v. LaRose,* 524 S.W.2d 112, 116 (Mo. banc 1975). The ordinance should be construed to uphold its validity unless the ordinance is expressly inconsistent or in irreconcilable conflict with the general law of the state. *Cape Motor Lodge, Inc. v. City of Cape Girardeau,* 706 S.W.2d 208, 212 (Mo. banc 1986). The words contained in the statute or ordinance should be given their plain and ordinary meaning and should be interpreted to avoid absurd results. *State ex rel.*

*Jackson County v. Spradling,* 522 S.W.2d 788, 791 (Mo. banc 1975). Moreover, it is not necessary that the ordinance follow the exact language of a statute on the same subject to avoid invalidity. *LaRose,* 524 S.W.2d at 117.

■ We find no irreconcilable conflict between the statutes and the tax orders. The statutes specify that the amount of the tax be expressed as a rate. Although the tax orders expressed that rate as a monetary unit, rather than as a percentage, the tax orders, by referencing the statutes, establish that one-half cent in this context means one-half of one percent. Moreover, the calculation of a one-half cent sales tax and one-half of one percent sales tax are the same. Therefore, we conclude that the tax orders are substantially in compliance with the statutory language, and the taxes are therefore valid.

For the above reasons, we affirm the AHC's decision.

HOLSTEIN, C.J., BENTON, PRICE, LIMBAUGH, ROBERTSON and COVINGTON, JJ., and WELSH, Special Judge, concur.

---

1. Both § 67.505 and § 67.700 speak in terms of an "ordinance or order" being enacted after an election; in the context of this case, we find no difference between an ordinance or order.