The Honorable Chuck Purgason Representative, District 151 State Capitol Building Jefferson City, MO 65101
Dear Representative Purgason:
This letter addresses the following questions:
 1. Must all seven members of a school board be present to constitute a whole board as required by RSMo 177.091
 2. In the case of one absent board member, would the votes of the remaining board members present (six) be considered a whole board?
 3. In the case of one board member abstaining, would the vote still be considered by a whole board?
Section 177.091 RSMo, which applies to seven member boards, provides:
 If there is any school property, the ownership of which is vested in the district, that is no longer required for the use of the district, the board, by an affirmative vote of a majority of the whole board, may authorize and direct the sale or lease of the property.
It is unclear from your request the relationship between the school board and the Alton Heritage Committee. However, it is unnecessary to understand that relationship to answer your questions.
The "whole board" is the complete board. See AmericanHeritage Dictionary, page 2038 (3rd Ed. 1996). Because the board consists of seven individuals the "whole board" is seven. "Majority" is defined as a number more than half. AmericanHeritage Dictionary, page 1085 (3d Ed. 1996). Words are to be given their normal meanings. Spradlin v. City of Fulton,982 S.W.2d 255 (Mo. 1998).
The issue you present is how many affirmative votes are needed to transfer school property for those districts with seven board members. There are instances in which a quorum may be necessary to commence a meeting. See Attorney General Opinion 284-1963. If a quorum is four a motion may pass with only three votes in affirmative. However, the statute is clear that to dispose of property requires a vote of the majority of the "whole board," which is at least four affirmative votes.
The event of a member either being absent or abstaining has no affect on the question what constitutes the "whole board." Regardless of the number of members present, and regardless if any members abstain from voting, it will take four affirmative votes to dispose of property of the school district.
An interpretation that requires all seven members of the board to vote in favor of the disposition of the property would ignore the plain meaning of the statute. The result would be that one disgruntled member could prevent the board from acting by either not attending a meeting, or, if in attendance, abstaining from voting. Words should be given their plain and ordinary meaning and should be interpreted to avoid absurd results.McCollum v. Director of Revenue, 906 S.W.2d 368 (Mo. 1995).
It is our conclusion that the board may conduct business with fewer than seven members present or voting. However, to convey school property a vote of at least four members, regardless of how many members are in attendance and are voting, is required.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General