**James W. HOVIS, et al., Appellants,**

v.

**Lavern H. DAVES, Wayne County Collector, et al., Respondents.**

No. SC 82219.

Supreme Court of Missouri,
En Banc.

April 4, 2000.

Walter S. Drusch, Jr., Cape Girardeau, for Appellants.

John A. Kiser, Piedmont, for Respondents.

JOHN C. HOLSTEIN, Judge.

Appellants, eight resident taxpayers of Wayne County, Missouri, filed a petition in the Circuit Court of Wayne County in 1998 seeking to terminate and enjoin the respondent county officials from continuing to impose a sales tax of one-half of one percent for capital improvements approved in an election in 1993. *See sec. 67.700.*[1] The trial judge dismissed the petition. The judgment was appealed to the court of appeals, which transferred the case to this Court. *Mo. Const. art. V, secs. 10, 11.*

1. All references to statutes are to RSMO 1994,

## I.

This Court "may finally determine all causes coming to it from the court of appeals, whether by certification, transfer or certiorari, the same as an original appeal." *Mo. Const. art. V, sec. 10.* Because many counties have adopted local sales taxes pursuant to sec. 67.700, this case presents a question of general interest or importance. *Id.* This Court need not decide whether sec. 67.700 is a "state revenue law" that "directly creates or alters an income stream to the government." *Mo. Const. art. V, sec. 3; Alumax Foils v. City of St. Louis,* 939 S.W.2d 907, 910 (Mo. banc 1997).

## II.

The actual ballot as submitted to and approved by the people of Wayne County in 1993 stated, "Shall the County of Wayne impose a countywide sales tax of one-half cent (½) for the sole purpose of maintaining county roads and county bridges within the County of Wayne?" Appellants contended that sec. 67.700 does not authorize a sales tax based upon this ballot language because the tax proposal as submitted to the voters was not limited to a specific number of years. The trial judge found that sec. 67.700 has no limit to a specified number of years. In addition, the trial court found that appellants were, in effect, challenging the ballot language. Thus, the failure to file their petition within 30 days after the certification of the election was fatal to appellants' claim. *See sec. 115.577.*

Section 67.700 provides as follows:

1. Any county, as defined in section 67.724, may, by ordinance or order, impose a sales tax on all retail sales made in such county which are subject to taxation under the provisions of sections 144.010 to 144.525, RSMo, for any capital improvement purpose designated by the county in its ballot of submission to its voters ... The tax authorized by this

unless specified otherwise.

section shall be in addition to any and all other sales taxes allowed by law.

2. The ballot submission shall contain, but need not be limited to, the following language:

Shall the county of .... (county's name) impose a countywide sales tax at the rate of .... (insert amount) for a period of .... (insert number) years from the date on which such tax is first imposed for the purpose of .... (insert capital improvements purpose)?

☐ Yes         ☐ No

If a majority of the votes cast on the proposal by the qualified voters voting thereon are in favor of the proposal, then the ordinance or order and any amendments thereto shall be in effect....

3. ... Upon the expiration of the period of years approved by the voters under subsection 2 of this section or if the tax authorized by [this section] is repealed under section 67.721, all funds remaining in the special trust fund shall continue to be used solely for such designated capital improvement purpose.

....

■ The primary rule for construing statutes is to ascertain the lawmakers' intent "from the language used, to give effect to that intent, if possible, and to consider the words used in their plain and ordinary meaning." *Division of Employment Sec. v. Taney County Dist. R–III,* 922 S.W.2d 391, 393 (Mo. banc 1996) (quoting*Wolff Shoe Co. v. Director of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988)). Under the plain reading of the words in sec. 67.700, Wayne County was authorized to propose and adopt a sales tax for capital improvements. No time limitation is specified for such tax in any provision of that statute.

■ Only by the process of statutory construction of the ballot language provisions of sec. 67.700.2 may it be inferred that the legislature intended that any local option sales tax for capital improvements must have a sunset date. Even when one resorts to the well-established rules of statutory construction, no mandatory time limit for the tax may be inferred. First, the statute here is designed to allow the people to exercise their democratic right to approve or disapprove an issue, and such statutes are liberally construed to effectuate that right. *State ex rel. Voss v. Davis,* 418 S.W.2d 163, 167 (Mo.1967); *State ex rel. Blackwell v. Travers,* 600 S.W.2d 110, 113 (Mo.App.1980). Where the people have already expressed their will by approval of the issue presented on the ballot, this Court's duty is to uphold that action, if possible. *Buchanan v. Kirkpatrick,* 615 S.W.2d 6,12 (Mo. banc 1981). When interpreting a statute granting the right to full voter participation in the approval or disapproval of an issue, such as a tax, the Court should not apply rules of construction to infer a limitation on that right when such limit does not clearly appear in the statute's text.

■ Second, sec. 67.700.2 does not contain mandatory ballot language; that is, subsection 2 provides only that the ballot submission shall contain, "but need not be limited to," the specified language. This provision of sec. 67.700.2 authorizes the county commission to submit the tax to the voters in a manner which is not inconsistent with the tax authorized elsewhere in sec. 67.700. From the non-mandatory language it is reasonable to infer that the county commission had permissive authority to submit the tax for a specific period of years. To read subsection 2 as mandating that a specific number of years be set forth in the ballot proposal would render the permissive language "but need not be limited to" meaningless. Each word, clause, sentence and section of a statute should be given meaning if possible. *Hadlock v. Director of Revenue,* 860 S.W.2d 335, 337 (Mo. banc 1993).

■ Third, sec. 67.700.1 clearly authorizes a tax for capital improvements with-

out limitation as to the number of years the tax may be imposed. To read sec. 67.700.2 as mandating a definite time limit would create a conflict between the two subsections. If possible, the statute should be construed in a manner to harmonize any potential conflict between the two subsections. *Hagely v. Board of Educ.*, 841 S.W.2d 663, 667 (Mo. banc 1992).

Finally, section 67.700 should be construed in light of statutes in *pari materia. Farinella v. Croft,* 922 S.W.2d 755, 756 (Mo. banc 1996). The legislature has enacted other local option taxes similar to sec. 67.700 which contain sunset provisions; sec. 67.391.4, 67.392.4, 67.550.4 and 67.590.4. In each instance, the statute contains language specifically limiting the tax to a stated time "unless sooner abolished by the governing body of the county." By contrast, the tax authorized under sec. 67.700 may terminate either upon the expiration of the period of years approved by voters or by repeal of the tax as provided by sec. 67.721. The absence of any time limit is yet another indication of an intent that the county had the option to propose a tax for an indefinite time period.

It is arguable that the ballot should have specified that the tax would be imposed for a definite or for an indefinite number of years. That may have better advised the voters. But even if the ballot wording could have been clearer, the appropriate vehicle for challenging the wording of the proposition on the ballot itself is in a timely election contest. *McCollum v. Director of Revenue,* 906 S.W.2d 368, 369 (Mo. banc 1995); sec. 115.577. Section 67.700 authorizes the submission of a tax of indefinite duration. The ballot proposal did not authorize, and the people did not approve, a tax in an amount, for a purpose or for a time prohibited by law.

The trial court correctly determined that sec. 67.700 authorizes a tax for capital improvements of an indefinite duration and that any complaint regarding the ballot language was waived by failure to timely assert the claim. The trial court did not err in dismissing plaintiffs' petition. The judgment of the trial court is affirmed.

All concur.