Honorable Fred Kratky Representative, District 65 State Capitol, Room 101-G 201 West Capitol Avenue Jefferson City, MO 65101-6806
Dear Representative Kratky:
You have submitted a question to this office whether the city of St. Louis is obligated to disclose to the Retired Employees City of St. Louis (R.E.C.S.L.) the names and addresses of retirees of the city. In your submittal, you reference a provision of House Substitute for Senate Committee Substitute for Senate Bill No. 290 passed in 2001. The provision you reference has been codified at Section 70.795, RSMo Supp. 2002, and provides:
 Notwithstanding the provisions of sections 610.010
to 610.035, RSMo, to the contrary, any retirement plan as defined in section 105.660, RSMo, located in a city not within a county, providing retirement benefits for general employees shall provide, upon request by any retiree organization, sufficient information enabling such organization to contact retired members.
The first rule of statutory construction is to implement the intent of the legislature. State v. Burnau, 642 S.W.2d 621 (Mo.banc 1982). In such construction, words are to be given their plain and ordinary meaning.Hovis v. Daves, 14 S.W.3d 593 (Mo.banc 2000).
The statute applies to retirement plans for retirees from the city of St. Louis, because it applies to a "city not within a county" which is what the city of St. Louis is. The retirement plan must provide to any retiree organization "sufficient information enabling such organization to contact retired members." For purposes of this opinion, we assume that R.E.C.S.L. is a retiree organization as contemplated in the statutory framework.
The language of Section 70.795 is explicit in its mandate that the retiree organization be able to request and receive "sufficient information enabling such organization to contact retired members" (emphasis added). By its plain terms, Section 70.795 makes it clear that the retirement plan must provide the retiree organization with enough information so that the retiree organization can initiate communication with the retired members. By contrast, the statute does not envision a system where the retirement plan provides information to its retired members to enable them to initiate communication with the retiree organization.
For the retiree organization to be able to contact the plan's retired members, the plan must provide the organization with "sufficient information" so that the organization can specifically identify those members and communicate with them. Information provided by the retirement plan would be "insufficient" if it did not enable the retiree organization to initiate communication with the plan's retired members. In our view, by providing the retiree organization with the members' names and addresses, the retirement plan will have discharged its obligations under Section 70.795 to provide "sufficient information."
 CONCLUSION
A retirement plan for the city of St. Louis may discharge its responsibilities under Section 70.795 by supplying a retiree organization with the plan's retired members' names and addresses.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General