

# In the Missouri Court of Appeals Eastern District

## DIVISION III

CITY OF ST. JOHN,

    Respondent,

vs.

THOMAS BROCKUS,

    Appellant.

)
)
)
)
)
)
)
)
)
)

No. ED99644

Appeal from the Circuit Court
of St. Louis County

Honorable Dennis Neil Smith

FILED: May 20, 2014

## Introduction

The matter on appeal presents a challenge to the validity of a municipal traffic regulation where state law addresses the same conduct regulated by the municipal ordinance. More specifically, we are asked to determine whether a municipal ordinance is void due to an alleged conflict with state law. In this case, Thomas Brockus ("Brockus") appeals from the judgment of the trial court finding him guilty of violating four municipal ordinances in the City of St. John ("City"). Brockus was stopped by a City police officer while driving his car for the sole reason that he was not wearing a seatbelt in violation of St. John Ordinance § 375.030 ("City's seatbelt ordinance"). As a result of the traffic stop, Brockus was subsequently charged with driving without a seatbelt, driving while revoked, possession of marijuana, and possession of drug paraphernalia. On appeal, Brockus argues that trial court erred in denying his motion to suppress

all evidence arising out of the traffic stop because the stop was unlawful. Specifically, Brockus alleges that City's seatbelt ordinance conflicts with state law and is therefore invalid. Because we find no conflict between City's ordinance and state law, the judgment of the trial court is affirmed.

Factual and Procedural History

The parties submitted this case to the trial court on the following stipulated facts. City's seatbelt ordinance is a "primary enforcement" ordinance, which allows law enforcement to stop and charge an individual for a violation of the City seatbelt ordinance without probable cause to believe any other ordinance or law has been violated. On May 24, 2011, a City police officer observed Brockus operating his motor vehicle without wearing a seatbelt. For this reason alone, the officer initiated a traffic stop. When the officer asked Brockus to produce his driver's license and insurance information, Brockus replied that his license had been revoked. The officer then ran a computerized record check to verify the status of Brockus's driving privileges and confirmed that Brockus's Illinois Operator's License was revoked.

While talking to Brockus during the stop, the officer noticed a strong odor of burnt marijuana coming from within Brockus's vehicle. Brockus admitted to the officer that he had been smoking marijuana just before the traffic stop and had thrown his "dugout" and "battie" on the passenger's floorboard. The officer placed Brockus under arrest for driving with no seatbelt and driving while revoked. Thereafter, in conjunction with the towing of Brockus's car, the officer conducted an inventory search of Brockus's vehicle and found a wooden "dugout" pipe with green vegetation inside and a metal marijuana-smoking pipe on the passenger's floorboard.

Brockus was subsequently charged with driving without a seatbelt in violation of St. John Ordinance § 375.030, driving while revoked in violation of St. John Ordinance § 390.160,

possession of marijuana in violation of St. John Ordinance § 210.390, and possession of drug paraphernalia in violation of St. John Ordinance §210.390.[1] On March 21, 2012, Brockus filed a motion to suppress all evidence arising from the traffic stop and motion to dismiss alleging that the traffic stop and his subsequent arrest violated the Fourth Amendment. On January 30, 2013, Brockus filed a substitute motion to suppress and motion to dismiss alleging that, in addition to violating the Fourth Amendment, the traffic stop was unlawful because it was predicated upon an unconstitutional ordinance. Brockus argued that City's seatbelt ordinance conflicts with state law because Section 307.178.2[2] prohibits police officers from initiating traffic stops solely for a seatbelt violation.

The trial court heard argument on Brockus's motion to suppress and motion to dismiss on January 30, 2013. At the hearing, the parties stipulated to a bench trial and agreed that if the trial court denied Brockus's motion to suppress, the evidence and testimony would show that Brockus was guilty of the charges against him. Finding that City's seatbelt ordinance does not conflict with state law, the trial court denied Brockus's motion to suppress and thereafter entered its judgment finding Brockus guilty of all four charges. Brockus was sentenced to pay fines for each offense totaling $320.00, plus court costs. This appeal follows.

## Point on Appeal

In his sole point on appeal, Brockus argues that the trial court erred in denying his motion to suppress all evidence arising out of the traffic stop because the traffic stop was predicated on an unconstitutional ordinance. Brockus contends that City's seatbelt ordinance conflicts with Section 307.178 and is therefore unconstitutional and invalid.

---

[1] The charges were originally filed in the St. John Municipal Division of the St. Louis County Circuit Court but the cause was thereafter certified to St. Louis County Circuit Court.
[2] All statutory references are to RSMo (2000) unless otherwise indicated.

## Standard of Review

"When a case is tried on stipulated facts, the only issue we review on appeal is whether the trial court reached the proper legal conclusions from the stipulated facts." Bowan ex rel. Bowan v. General Sec. Indemn. Co. of Arizona, 174 S.W.3d 1, 5 (Mo. App. E.D. 2005). We will affirm the trial court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). We review the interpretation of a municipal ordinance *de novo*. City of Bellefontaine Neighbors v. Scatizzi, 302 S.W.3d 730, 732 (Mo. App. E.D. 2010).

## Discussion

In his sole point on appeal, Brockus alleges that all evidence arising from the May 24, 2011 traffic stop should have been excluded from trial because the evidence was obtained as the result of an unlawful search. Brockus argues that the traffic stop was predicated on an unconstitutional ordinance because City's primary enforcement seatbelt ordinance conflicts with state law, which is commonly referred to as a secondary enforcement law. Because the state statute addressing the wearing of seatbelts contains self-limiting language that does not extend beyond the enforcement of the state statute, we reject Brockus's argument and find the municipal ordinance at issue valid and enforceable. As a result, the stop of Brockus's car by City police was not unlawful, and the trial court properly denied Brockus's motion to suppress evidence.

Municipal ordinances are generally presumed to be valid and lawful. McCollum v. Dir. of Revenue, 906 S.W.2d 368, 369 (Mo. banc 1995). If, however, an ordinance conflicts with the general laws of the state, the ordinance is void and unenforceable. Id.; Unverferth v. City of

4

Florissant, 419 S.W.3d 76, 97 (Mo. App. E.D. 2013). "The test for determining if a conflict exists is whether the ordinance 'permits what the statute prohibits' or 'prohibits what the statute permits.'" Page W., Inc. v. Cmty. Fire Prot. Dist. of St. Louis Cnty., 636 S.W.2d 65, 67 (Mo. banc 1982) (internal citation omitted). "The ordinance should be construed to uphold its validity unless the ordinance is expressly inconsistent or in irreconcilable conflict with the general law of the state." McCollum, 906 S.W.2d at 369. Additionally, it is not necessary for an ordinance to follow the exact language of a statute on the same subject to avoid invalidity. Id.

St. John Ordinance § 375.030 provides, in relevant part:

A. Except as otherwise provided this Section, each driver and front seat passenger of a passenger car manufactured after January 1, 1968 . . . operated on a street or highway within this City shall wear a properly adjusted and fastened safety belt that meets Federal Highway, Transportation and Safety Act requirements . . . .
. . .

F. Each person who violates the provisions of Subsection (A) of this Section shall be guilty of an infraction for which a fine not to exceed ten ($10.00) may be . imposed. All other provisions of law and court rules to the contrary notwithstanding, no court costs shall be imposed on any person due to a violation of this Section. In no case shall points be assessed against any person, pursuant to Section 302.302, RSMo., for a violation of this Section.

Brockus alleges that the ordinance directly conflicts with Section 307.178, which states, in pertinent part:

2. Each driver . . . and front seat passenger of a passenger car manufactured after January 1, 1968, operated on a street or highway in this state . . . shall wear a properly adjusted and fastened safety belt that meets federal National Highway, Transportation and Safety Act requirements. **No person shall be stopped, inspected, or detained solely to determine compliance with this subsection.** The provisions of this section and section 307.179 shall not be applicable to persons who have a medical reason for failing to have a seat belt fastened about their body, nor shall the provisions of this section be applicable to persons while operating or riding a motor vehicle being used in agricultural work-related activities. **Noncompliance with this subsection shall not constitute probable cause for violation of any other provision of law.**

5

Section 307.178 (emphasis added). Brockus argues that under Section 307.178, a police officer may not stop a vehicle for the sole reason that the driver or a passenger is not wearing a seatbelt — in other words, the statute prohibits primary enforcement of the seatbelt law, allowing only secondary enforcement of the seatbelt law. Brockus reasons that because City's seatbelt ordinance does not similarly restrict enforcement of the ordinance, a conflict exists between the ordinance and the statute which must be resolved in favor of the statute. In essence, Brockus argues that the ordinance permits a traffic stop — one premised solely on a person's failure to wear a seatbelt — that is prohibited by state statute.

In determining whether City's seatbelt ordinance conflicts with Section 307.178, we find Strode v. Director of Revenue instructive. Strode v. Dir. of Revenue, 724 S.W.2d 245 (Mo. banc 1987). In Strode, a driver challenged the revocation of his driving privileges following his arrest for violation of an Independence, Missouri ordinance prohibiting driving while intoxicated. Id. at 247. The driver alleged his arrest under the Independence ordinance was invalid because the ordinance conflicted with a state statute regulating arrests for driving while intoxicated. Id. The relevant statute, Section 577.039, provided:

> An arrest without a warrant by a law enforcement officer . . . **for a violation of section 577.010 [driving while intoxicated] or 577.012 [driving with excessive blood alcohol content]** is lawful whenever the arresting officer has reasonable grounds to believe that the person to be arrested has violated the section, whether or not the violation occurred in the presence of the arresting officer; provided, **however, that any such arrest without warrant must be made within one and one-half hours after such claimed violation occurred.**[3]

(emphasis added). Unlike the state statute, the ordinance under which the driver was arrested did not impose a time limitation on making an arrest. The driver argued that because the ordinance did not include the one and one-half hour restriction found in Section 577.039, the ordinance

---

[3] RSMo (1986). Section 577.039 has since been amended and no longer contains the one and one-half hour limitation.

permitted an arrest at the municipal level that was prohibited by Section 577.039 at the state level. The driver reasoned that the differing provisions relating to making an arrest without a warrant constituted an irreconcilable conflict between the ordinance and the statute that voided the municipal ordinance. In rejecting the driver's argument, the Supreme Court found that the clear language of Section 577.039 restricted the self-imposed time limitation on making arrests without a warrant to arrests only for violations of Sections 577.010 and 577.012. Therefore, the Court concluded that Section 577.039 had no application to arrests for driving while intoxicated based upon a violation of a municipal ordinance, and as a result no conflict existed between the Independence ordinance and state law.

Similar to the statute at issue in Strode, here, the ordinance and state law prohibit the same conduct but differ in language relating to enforcement of the prohibited conduct. Importantly, the clear and unambiguous language of Section 307.178 limits its bar on primary enforcement to its own provisions. The statute states that "[n]o person shall be stopped, inspected, or detained solely to determine compliance **with this subsection.**" Section 307.178 (emphasis added). A plain reading of this sentence reflects the legislature's intent to prohibit primary enforcement of Section 307.178. We presume that the legislature did not insert idle verbiage or superfluous language in the statute. Hoffman v. Van Pak Corp., 16 S.W.3d 684, 689 (Mo. App. E.D. 2000). Rather, each word, clause, sentence, and section of the statute must be given meaning. Id. The unambiguous meaning of the phrase "with this subsection" does not allow this Court to apply the prohibition of primary enforcement beyond Section 307.178. While the Legislature has the authority to prohibit municipalities from enforcing their seat belt laws on a primary basis, it has not exercised that authority within Section 307.178 or any other state statute. Simply put, the limiting language of Section 307.178 has no application to traffic stops

7

predicated on municipal ordinances. See Strode, 724 S.W.2d at 247. Accordingly, no conflict exists between City's seatbelt ordinance and Section 307.178.

Missouri municipalities may enact ordinances to create additional rules of the road or traffic regulations to meet their needs and traffic conditions provided the ordinances are not contrary to or in conflict with state statutes. Section 304.120; City of Creve Coeur v. Nottebrok, 356 S.W.3d 252, 258 (Mo. App. E.D. 2011) (overruled on other grounds). We find no conflict between St. John Ordinance §375.030 and Missouri law. Because City's seatbelt ordinance is valid and enforceable, the May 24, 2011 traffic stop did not constitute an unlawful search and the trial court did not err in overruling Brockus's motion to suppress evidence.

## Conclusion

Finding no error, we affirm the judgment of the trial court.

Kurt S. Odenwald, Judge

Mary K. Hoff, P.J., Concurs
Angela T. Quigless J., Concurs

8